# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| **FEDERAL TRADE COMMISSION,** |
| Plaintiff, |
| vs. |
| **ABBVIE INC., et al.,** |
| Defendants. |

**Case Number : 2:14-CV-5151-HB**

**Plaintiff Federal Trade Commission's Third Set of Interrogatories to**
**AbbVie Inc.; Abbott Laboratories; and Unimed Pharmaceuticals, LLC**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants AbbVie Inc.;

Abbott Laboratories; and Unimed Pharmaceuticals, LLC (collectively, the "AbbVie

Defendants") are hereby requested to answer the following Interrogatories. The requested

answers must be provided within the time allotted under Rule 33(b)(2). These Interrogatories are

continuing in nature and should be supplemented in accordance with Rule 26(e) of the Federal

Rules of Civil Procedure.

**DEFINITIONS**

The definitions from Plaintiff Federal Trade Commission's First Set of Interrogatories to

AbbVie Inc.; Abbott Laboratories; and Unimed Pharmaceuticals, LLC, served on May 15, 2015,

are incorporated by reference, along with the following definitions:

A.  The terms "AbbVie Defendants," "You," and "Your" mean AbbVie Inc.; Abbott

Laboratories; and Unimed Pharmaceuticals, LLC; together with their successors,

predecessors, divisions, wholly or partially owned subsidiaries, domestic or foreign parents,

affiliates, partnerships, and joint ventures; and all the directors, officers, employees, attorneys, consultants, agents, and representatives of the foregoing.

B.  The term "AndroGel 1%" means branded testosterone gel product marketed in the United States under NDA No. 21-015, unless otherwise indicated.

C.  The term "AndroGel 1.62%" means branded testosterone gel product marketed in the United States under NDA No. 22-309, unless otherwise indicated.

D.  The term "identify" means to state or a statement of:

1.  In the case of a natural person: his or her full name, present or last known business address and telephone number, present or last known employer and job title, the nature (including job title/position) and dates of any affiliation, by employment or otherwise, with the AbbVie Defendants. For any person identified, if any of the above information was different during the time period relevant to these Interrogatories, supply both the current information and such different information as applies to the time period relevant to these Interrogatories. Once a natural person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

2.  In the case of a document: the title of the document, the author, the title or position of the author, each addressee or recipient, the type of document, the subject matter, the date of preparation, number of pages, and Bates range.

3.  In the case of a fact, act, event, occurrence, meeting, or communication: its date, type, location where it occurred, identity of any participant or witness, and subject matter.

### INSTRUCTIONS

1.  Instructions 1-9 and 11 from Plaintiff Federal Trade Commission's First Set of

Interrogatories to AbbVie Inc.; Abbott Laboratories; and Unimed Pharmaceuticals, LLC,

served on May 15, 2015, are incorporated by reference.

2. Unless otherwise indicated, these Interrogatories cover the period of time from January 1,

2009, to the present.

## INTERROGATORIES

### Interrogatory No. 19

Separately for the Teva Litigation and Perrigo Litigation, identify every current employee,

former employee, or agent of the AbbVie Defendants who was responsible for, involved in, or

contributed to Your decisions to file the Teva Litigation or Perrigo Litigation and describe their

duties and responsibilities pertaining to Your decisions to file the Teva Litigation or Perrigo

Litigation.

### Interrogatory No. 20

Identify in a spreadsheet the following information, separately for each product form and dosage

strength of Androgel 1% and Androgel 1.62%, on a monthly basis from January 2010 through

the present: (a) quantity sold; (b) gross revenue; (c) chargebacks; (d) rebates; (e) returns; (f)

allowances; (g) coupons; (h) vouchers; (i) co-pay cards; (j) any other discounts or adjustments

that are used to calculate net revenue; (k) net revenue; (l) net price; and (m) how You calculated

net revenue and net price.

### Interrogatory No. 21

Explain the basis for and identify all evidence supporting Your contention that "based on the

public record, including the file history, a person of ordinary skill in the art would have

concluded that the December 2001 amendment was made for a reason other than patentability"

as provided in Your response to the FTC's Interrogatory No. 2 in this matter.

3

**Interrogatory No. 22**

Identify all facts of which You were aware as of December 21, 2001, or any time thereafter,

regarding any unexpected or unique pharmacokinetic or pharmacodynamic profile, commercial

success, or any other secondary consideration supporting non-obviousness for a testosterone gel

composition containing either isopropyl palmitate or isostearic acid.

**Interrogatory No. 23**

Do you contend that the omission of isopropyl palmitate from the literal scope of claims 1, 47,

61, 62, and 65 or any other amended or newly added claims proposed in the October 19, 2001

Amendment, or any subsequent amendment, was inadvertent or a drafting error? If Your answer

is anything other than an unequivocal "no," explain the basis for and identify all evidence

supporting this contention.


Dated: April 21, 2016

                                                   Respectfully submitted,

                                                   */s/ Patricia M. McDermott*
                                                   Patricia M. McDermott
                                                   FEDERAL TRADE COMMISSION
                                                   600 Pennsylvania Avenue, N.W.
                                                   Washington, DC 20580
                                                   (202) 326-2569
                                                   pmcdermott@ftc.gov

                                                   *Counsel for Plaintiff*
                                                   *Federal Trade Commission*

**Certificate of Service**

I hereby certify that on April 21, 2016, I caused Plaintiff Federal Trade Commission's

Third Set of Interrogatories to AbbVie Inc.; Abbott Laboratories; and Unimed Pharmaceuticals,

LLC to be served on all counsel of record via electronic mail.

*/s/ Patricia M. McDermott*
Patricia M. McDermott
