IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>       Plaintiff,<br><br>       v.<br><br>**ABBVIE INC., et al.,**<br><br>       Defendants. | Case Number: 2:14-CV-5151-HB |

**Certification Pursuant to Local R. Civ. P. 26.1(f)**

I am counsel for Plaintiff Federal Trade Commission ("FTC") in the above-captioned case. Counsel for the FTC and counsel for Defendants AbbVie Inc., Abbott Laboratories, and Unimed Pharmaceuticals, LLC (the "AbbVie Defendants") engaged in the following efforts to resolve the discovery dispute set forth in the FTC's Motion to Compel the AbbVie Defendants to Produce Documents Improperly Withheld on Privilege Grounds from their Georgia Logs.

1. On May 17, 2016, I sent a letter to AbbVie Defendants identifying unsupported redactions for documents that had been deemed produced from *FTC v. Actavis* ("*Actavis* documents"). I noted that AbbVie had not deemed any associated privilege logs produced in this case and had thus failed to substantiate any claims of privilege for these documents.

2. On May 31, 2016, AbbVie Defendants responded that the FTC was not able to challenge these documents due to the Court's coordination order. AbbVie Defendants did not re-review or make any attempt to justify its privilege claims for the challenged documents.

3. The FTC and AbbVie Defendants discussed privilege issues on a June 6, 2016, meet-and-confer call. During that call, the FTC again requested that AbbVie Defendants produce a privilege log for the withheld or redacted documents deemed produced from *Actavis*. AbbVie Defendants refused to do so. The FTC notified AbbVie Defendants that, in light of this refusal, it intended to file a motion to compel on the basis that AbbVie Defendants had failed to provide information to support their privilege claims as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4. On June 13, 2016, AbbVie Defendants sent the FTC an email attaching a partial privilege log for the *Actavis* documents. On June 14, 2016, after the FTC notified AbbVie Defendants that this log contained only redacted—but not entirely withheld—documents, AbbVie Defendants sent the FTC a second privilege log with the remaining entries.

5. On June 17, 2016, I sent AbbVie Defendants a letter identifying hundreds of deficient entries from their June 13 and 14, 2016 privilege logs.

6. On June 22, 2016, AbbVie Defendants responded by claiming that the FTC's request was untimely and asking the FTC to withdraw its challenges. They indicated they would not consider the FTC's challenges.

7. On June 27, 2016, AbbVie Defendants filed a letter brief with the Court seeking to preclude the FTC from challenging any privilege claims from its June 13 and 14, 2016 logs, or, in the alternative, that the Court set an extended briefing schedule for those documents. The FTC responded on June 28, 2016 and requested that the Court maintain the current schedule.

8. On June 28, 2016, the Court ordered that the existing schedule should remain in place and that the FTC could challenge any document production issues in accordance with the June 3, 2016 scheduling order.

9. At 5:00 PM on June 29, 2016, the night before the FTC's deadline for filing motions to compel, AbbVie Defendants sent the FTC a letter supplementing their privilege log entries for more than 50 challenged entries, stating that fourteen other documents contain non-responsive redacted content, and indicating that they "may also supplement additional entries tomorrow." The letter also indicated that AbbVie Defendants were "re-reviewing the other documents for which [the FTC has] contended that privilege claims are inappropriate" and that they would notify the FTC "if and when [they] determine[] that the privilege determination with respect to any documents at issue should be changed."

10. At 1:30 PM on June 30, 2016, the due date for this motion, AbbVie Defendants sent a second letter purporting to supplement an additional sixteen entries and stating that three other documents contain non-responsive redacted content. AbbVie Defendants again stated that they were continuing to re-review documents.

11. Although the FTC has attempted to narrow the issues for presentation to the Court despite AbbVie Defendants' resistance, the parties are unable to reach agreement on the documents identified in Exhibits 1 and 2 to the FTC's Motion to Compel.

I certify that, after the reasonable efforts described above, the parties are unable to resolve this dispute.

Dated: June 30, 2016                                    */s/ Patricia McDermott*
                                                        Patricia M. McDermott