# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Case Number: 2:14-CV-5151-HB** |
| **ABBVIE INC., et al.,** | **Public Version** |
| **Defendants.** | |

**Memorandum in Support of Plaintiff Federal Trade Commission's
Motion to Compel AbbVie Defendants to Produce Documents Improperly
Withheld on Privilege Grounds from their Georgia Privilege Logs**

## Table of Contents

Background ........................................................................................................... 2

Argument ............................................................................................................. 5

   I.   AbbVie has waived any privilege claims for entries that lack indicia of privilege............. 7

  II.  AbbVie has improperly withheld ordinary business or strategy documents ..................... 10

     A.   AbbVie improperly withheld standard business and marketing documents ................. 12

     B.   AbbVie improperly withheld ███████████████████████████ ........... 15

     C.   AbbVie improperly withheld or redacted regulatory-related communications ............. 17

     D.   AbbVie improperly withheld and redacted generic entry or "loss of exclusivity" planning documents ........................................................................................ 19

  III.  This Court should not consider AbbVie's belated attempt to provide additional information ........................................................................................................ 23

Conclusion ......................................................................................................... 25

## Table of Authorities

**Cases**

*Brummel v. City of Harrisburg*, No. 1:09-cv-1816, 2011 WL 2670194
(M.D. Pa. July 8, 2011) ............................................................................................ 7

*Craig v. Rite Aid Corp.*, No. 4:08-cv-2317, 2012 WL 426275 (M.D. Pa. Feb. 9, 2012) ....... 17, 20

*Fisher v. United States*, 425 U.S. 391 (1976) .......................................................... 5, 10

*Fosselman v. Evans*, No. 07-cv-2606, 2011 WL 939616 (N.D. Cal. Mar. 15, 2011) .................. 8

*FTC v. Boehringer Ingelheim Pharms., Inc.*, 778 F.3d 142 (D.C. Cir. 2015) .............................. 22

*Gen. Elec. Co. v. Johnson*, No. 00-cv-2855, 2007 WL 433095 (D.D.C. Feb. 5, 2007) .............. 24

*Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124 (3d Cir. 2000) ....................... 22

*In re Avandia Mktg., Sales Practices & Prods. Liab.*, No. 07-md-01871, 2009 WL 4807253
(E.D. Pa. Oct. 2, 3009) ............................................................................................... 18

*In re Bristol-Myers Squibb Sec. Litig.*, No. 00-CIV-1990, 2003 U.S. Dist. LEXIS 26985
(D.N.J. June 25, 2003) ......................................................................................... 13, 17

*In re Domestic Drywall Antitrust Regulation*, No. 13-MD-2437, 2014 WL 5090032
(E.D. Pa. Oct. 9, 2014) ........................................................................................ 11, 12

*In re Grand Jury Investigation*, 599 F.2d 1224 (3d Cir. 1979) ...................................... 5

*In re Grand Jury Matter*, 147 F.R.D. 82 (E.D. Pa. 1992) ............................................. 18

*In re Grand Jury Proceedings*, 604 F.2d 798 (3d Cir. 1979) ......................................... 5

*In re Honeywell Int'l, Inc. Secs. Litig.,* 230 F.R.D. 293 (S.D.N.Y. 2003) ................................ 24

*In re Teleglobe Commc'ns Corp.*, 493 F.3d 345 (2000) .......................................... 5, 23

*King Drug Co. of Florence v. Cephalon, Inc.*, No. 06-CIV-1797, 2011 U.S. Dist. LEXIS 71806
(E.D. Pa. July 5, 2011) ........................................................................................ 13, 16

*Kramer v. Raymond Corp.*, 90-CIV-5026, 1992 WL 122856
(E.D. Pa. May 29, 1992) ............................................................................. 10, 13, 16, 22

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172 (E.D. Pa. 1996) .......... 8

*Pacamor Bearings, Inc. v. Minebea Co.*, 918 F. Supp. 491 (D.N.H. 1996) ............................... 13

*Paris v. R.P. Scherer Corp.*, No. 02-CIV-1044, 2006 U.S. Dist. LEXIS 47413
(D.N.J. July 13, 2006) ................................................................................................ 6

*Pham v. Hartford Fire Ins. Co.,* 193 F.R.D. 659 (D. Colo. 2000) ................................. 8

*Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*, 254 F.R.D. 216 (E.D. Pa. 2008) ............... 8

*SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152 (S.D.N.Y. 2014) ............................................. 24

*Shipyard Assocs., L.P. v. City of Hoboken*, No. 14-cv-1145, 2015 WL 4623470
(D.N.J. Aug. 3, 2015) ................................................................................................ 7

*SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D 467 (E.D. Pa. 2005) .............. 5, 8, 13, 16

*Synopsys, Inc. v. Ricoh Co.*, No. 03-CIV-2289, 2006 U.S. Dist. LEXIS 64270
(N.D. Cal. Aug. 28, 2006) ............................................................................................ 13

*United States v. Rockwell Int'l*, 897 F.2d 1255 (3d Cir. 1990) .......................................... 5

*Upjohn Co. v. United States*, 449 U.S. 383 (1981) ........................................................ 5

*Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414 (3d Cir. 1991) ....................... 5, 18

*Williams v. Taser Int'l, Inc.*, 274 F.R.D. 694 (N.D. Ga. 2008) ................................................. 8, 9

**Rules**

Fed. R. Civ. P. 26 ....................................................................................................... 5

This motion challenges privilege claims for documents that AbbVie has "deemed produced" from the *FTC v. Actavis* litigation in the Northern District of Georgia. AbbVie's privilege logs for these "deemed produced" *Actavis* documents contain hundreds of plainly deficient claims. Many indicate no involvement from any lawyer. Many others appear to be garden variety business and marketing materials of the same type that AbbVie previously withheld and that this Court already explained are not privileged.

During the meet-and-confer process, AbbVie refused to discuss these deficient entries with the FTC. Instead, for months, it failed to provide any privilege log whatsoever —arguing that the FTC was categorically barred from challenging any of its privilege claims for these documents. Then, once it relented and produced the logs, AbbVie argued that it was too late for the FTC to challenge them. It was only—literally—on the eve of filing this motion that AbbVie began to provide any new information. At that point, of course, it was too late to be of any use.

In this motion, the FTC has narrowed its challenges to focus on documents relating to the time periods, events, and subject matter that are most significant to the claims in this case (to the extent discernible from the often vague descriptions). But, because of AbbVie's refusal to engage on the widespread deficiencies with its *Actavis* logs, even this tailored approach has resulted in challenges to hundreds of withheld or redacted documents. The FTC recognizes that the Court may not be inclined to take on the burden of reviewing this many documents. Thus, as an alternative, the FTC proposes that the Court review sample documents from certain categories, rule on these documents, and then provide guidance for AbbVie to apply its rulings to the remainder of the documents.[1]

---

[1] The challenged entries are identified by category in the accompanying charts. *See* Exs. 1 and 2.

**Background**

On August 12, 2015, the FTC served 22 requests for production on AbbVie concerning various market power and remedy issues, including the anticipated and actual market entry of generic AndroGel products. In response, AbbVie "deemed produced" over 3.2 million pages of documents it had previously produced in the *Actavis* litigation in the Northern District of Georgia and made them part of the record in this case.[2] AbbVie made clear that it was maintaining all of the privilege claims it made in *Actavis* related to these documents. It did not, however, provide the FTC with a privilege log. And—unlike past practice in this case—it did not designate or reproduce the relevant privilege logs from the Georgia litigation as part of the record in this case.

On May 17, the FTC sent a letter to AbbVie challenging a number of its privilege claims. In that letter, we noted AbbVie's failure to produce any privilege log for this batch of cross-designated documents:

> To date, the AbbVie Defendants have not deemed produced in this case the privilege logs associated with these productions from the *Actavis* case. Without these privilege log entries, the AbbVie Defendants have failed to substantiate the withholding of these materials or redacted content on privilege grounds in this case.[3]

In its May 31 letter response, AbbVie did not respond to this request. Instead it argued that—as a matter of law—the FTC was not entitled to challenge privilege claims for any "documents produced in *FTC v. Actavis, Inc.*, 09-cv-955 (N.D. Ga.), and deemed produced in this case."[4] It contended that those documents could only be challenged in the Northern District of Georgia,

---

[2] For a more comprehensive background on AbbVie's practice of "deeming produced" *Actavis* documents, see the FTC's June 28 letter brief, Dkt. No. 182.

[3] Ex. 3, Letter from P. McDermott to A. Lawton, May 17, 2016, at n.1.

[4] Ex. 4, Letter from J. Purles to P. McDermott, May 31, 2016, at 8.

where they were first produced. When the FTC followed up during a June 6 meet and confer, AbbVie reiterated this position and refused to provide a privilege log.

On June 13 and 14, after the FTC made clear that it intended to file a motion to compel, AbbVie finally provided its Georgia privilege log—inexplicably split into two pieces—and designated it under the protective order in this case. At the same time, it insisted that it was not "producing" the logs, and argued that the FTC has had the logs since January 2016 (the date they were produced in *FTC v. Actavis*). These combined logs contained nearly 10,000 entries.

Three days later, the FTC identified for AbbVie approximately 300 seriously deficient log entries and requested that AbbVie produce the documents or provide additional information to support its privilege claims. The total number of deficient log entries is actually much greater; to facilitate a prompt resolution of the dispute, the FTC's list focused only on documents relating to the time periods, events and subject matter that are most significant to the claims in this case.

In response to prior FTC challenge letters on other logs, AbbVie has withdrawn some or all of its privilege claims for almost 1,000 documents that it initially had improperly withheld or redacted—approximately 1/3 of its total withheld or redacted documents—and provided revised privilege log entries for hundreds more documents. These exchanges had the dual benefit of resulting in the release of a large volume of relevant documents and narrowing the outstanding privilege challenges for those logs down to a small number.

This time, however, AbbVie refused to engage in any meet and confer process with respect to its Georgia privilege logs. In a June 22 letter, it accused the FTC of untimeliness and asked the FTC to withdraw its challenges. Shortly thereafter, AbbVie filed a letter brief raising this argument with the Court and requested that the FTC either be excluded from challenging these documents, or, in the alternative, that AbbVie get additional time to re-review the

challenged entries.[5] The Court rejected AbbVie's request, stating that the "FTC may raise in its forthcoming motion all issues related to the production of documents" and that no extensions would be granted.[6]

Pursuant to the Court's June 3, 2016 scheduling order, the FTC must file any motion to compel by June 30.[7] The order further requires that AbbVie "produce under seal for *in camera* inspection, on or before July 14, 2016, all documents for which they claim attorney-client privilege or protection under the work product doctrine and which are the subject of any motion of the plaintiff."

At 5:00 PM on June 29, the night before the FTC's deadline for filing motions to compel, AbbVie sent the FTC a letter "address[ing] the issues raised in [the FTC's] letter dated June 17, 2016."[8] AbbVie stated that it was supplementing its privilege log entries for more than 50 of the challenged entries and that it "may also supplement additional entries tomorrow"—i.e., the actual motion due date.[9] The letter also identified 14 challenged documents that—although they were deemed produced in this case—AbbVie now contends are not responsive and seeks to withdraw from consideration. Finally, AbbVie indicated that it was "re-reviewing the other documents for which [the FTC has] contended that privilege claims are inappropriate" and that it would notify us "if and when [it] determines that the privilege determination with respect to any documents at issue should be changed."[10]

---

[5] *See* Dkt. No. 181.

[6] Dkt. No. 183.

[7] Dkt. No. 179.

[8] Ex. 5, Letter from J. Purles to P. McDermott, June 29, 2016, at 1.

[9] *Id.*

[10] *Id.* at 2.

At 1:30 PM on June 30, the due date for this motion, AbbVie sent a second letter purporting to supplement an additional sixteen entries and stating that three other documents contain non-responsive redacted content.[11] AbbVie again stated that it was continuing to re-review documents.

## Argument

As this Court has observed, "because the attorney-client privilege obstructs the truth-finding process, it is construed narrowly" and "strictly confined within the narrowest possible limits consistent with the logic of its principle."[12] The attorney-client privilege "protects *only* those disclosures – necessary to obtain informed legal advice – which might not have been made absent the privilege."[13] The elements of the attorney-client privilege are well established and require: "'(1) a communication (2) made between [the client and the attorney or his agents] (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.'"[14] While the privilege protects both information that the client furnishes to the attorney for advice, and the attorney's advice,[15] it applies only to the communication itself and not the underlying facts.[16] Likewise, the work-product doctrine applies only where, "'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'"[17] To qualify, "the documents must

---

[11] Ex. 6, Letter from J. Purles to P. McDermott, June 30, 2016, at 1.

[12] Dkt. No. 145 at 4 (quoting *Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1423 (3d Cir. 1991), *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D 467, 472 (E.D. Pa. 2005), *In re Grand Jury Investigation*, 599 F.2d 1224, 1235 (3d Cir. 1979)).

[13] *Fisher v. United States*, 425 U.S. 391, 403 (1976) (emphasis added).

[14] *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) (quoting the Restatement (Third) of the Law Governing Lawyers § 68 (2000)); *see also* Dkt. 145 at 4.

[15] *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981).

[16] *Id.* at 395.

[17] *United States v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d Cir. 1990) (quoting *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1979)); *see also* Fed. R. Civ. P. 26(b)(3).

have been prepared (1) at a time when litigation was reasonably predictable or foreseeable, and (2) primarily for the purpose of the litigation."[18]

"The burden to establish that a privilege applies is on the party asserting the privilege."[19] But AbbVie has failed to support its privilege claims for the hundreds of withheld or redacted documents listed in Exhibits 1 and 2. Many log entries provide no indication whatsoever of privilege; those documents can be ordered produced without review. And, regardless, all of these documents appear to be the same types of ordinary business and strategic materials that this Court previously found not to be privileged in its December 14, 2015 opinion.

But AbbVie's delay in producing the logs and subsequent refusal to engage in a dialogue about its claims has put the FTC and this Court in a difficult position. Until late yesterday, AbbVie refused to provide any information that might shed light on these deficient claims. Without that information, and without sufficient time to review AbbVie's tardy submission, the FTC is unable to narrow its challenges. Given AbbVie's past failures to reliably apply the guidance of this Court to its privilege claims, the FTC's preference is for the Court to review all of these documents *in camera* and conclusively resolve all outstanding disputes. At the same time, however, we recognize that would impose a significant burden on the Court. The FTC thus proposes the following alternatives if the Court is not inclined to conduct a full review:

*First*, as described below, the Court could, without review, order AbbVie to produce 118 documents (listed in Exhibit 1) for which—on the face of the log—it is clear that AbbVie has failed to meet its obligations to substantiate its privilege claims.

*Second*, the Court could review *in camera* a sample set of documents from AbbVie's privilege log. The FTC has grouped the challenged documents in Exhibit 2 (including those

---

[18] *Paris v. R.P. Scherer Corp.*, No. 02-CIV-1044, 2006 U.S. Dist. LEXIS 47413, at *5-6 (D.N.J. July 13, 2006).

[19] Dkt. No. 145 at 3.

documents that also appear in Exhibit 1) into categories based on the nature of the challenge, and has highlighted in yellow proposed exemplars from each of these categories. Following the Court's review and ruling on the relatively small number of exemplars, the Court could order AbbVie to apply its ruling to the other documents in each category—specifically explaining, for each document it continues to withhold or redact, how its claim of privilege is consistent with the Court's opinion. This type of sample-based review has been used by other courts to review privilege disputes over large numbers of documents.[20] These proposals are addressed further below.

## I.   AbbVie has waived any privilege claims for entries that lack indicia of privilege

Many entries on AbbVie's privilege logs simply lack any indication that they are privileged. Under Rule 26(b)(5), a party asserting privilege must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." The entries listed in Exhibit 1 do not meet this requirement.

The table below shows three examples of the deficient entries listed in Exhibit 1.

---

[20] *See Shipyard Assocs., L.P. v. City of Hoboken*, No. 14-cv-1145, 2015 WL 4623470, at *2 (D.N.J. Aug. 3, 2015) ("The concept was that the Court would review [representative samples from defendant's privilege log *in camera*] and make 'representative' rulings, which could then be applied to any similar documents being withheld—a technique that this and other courts have used when there are large numbers of privileged documents in dispute."); *Brummel v. City of Harrisburg*, No. 1:09-cv-1816, 2011 WL 2670194, at *2 (M.D. Pa. July 8, 2011) (conducting *in camera* review of five sample reports to determine whether disclosure of the others was proper).



Each of these documents is a business presentation. One is authored by a businessperson; for the others, the log fails to identify any author, sender or recipient. None of these entries identify any lawyer involved with the document. Indeed, nothing about these entries remotely substantiates AbbVie's boilerplate claims that these documents ███████████████████████████ ███████████████████[21] To the contrary, the descriptions and titles suggest these documents were primarily prepared for business purposes. For example, the FTC believes the title ███ ███████████████████████████████████

Numerous courts have found that a party that fails to sufficiently support privilege claims may waive those claims—particularly where it delayed or refused to correct the deficiencies.[22]

---

[21] *See SmithKline Beecham Corp*, 232 F.R.D. at 477 (entries that do not "identify any specific attorney with whom a confidential communication was made" fail to "provide sufficient detail to demonstrate fulfillment of the legal requirements for application of the privilege" (internal quotation marks omitted)); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 662 (D. Colo. 2000) (rejecting attorney-client privilege description that "fail[ed] to identify the lawyers . . . involved in the conversation, the people present during the conversation, and a description of the nature of the communication sufficient to enable plaintiffs to assess the applicability of the privilege."); *see also Fosselman v. Evans*, No. 07-cv-2606, 2011 WL 939616, at *3 (N.D. Cal. Mar. 15, 2011) ("As to documents for which attorney-client privilege or work product privileges are claimed, defendants must identify the lawyers involved in preparation of the documents and provide a description of the nature of the documents sufficient to enable plaintiff to assess the applicability of the claimed privilege.").

[22] *See Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*, 254 F.R.D. 216, 221 (E.D. Pa. 2008) ("Failure to assert a privilege properly may amount to a waiver of that privilege." (quoting *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996))); *Williams v. Taser Int'l, Inc.*, 274 F.R.D. 694, 695-98 (N.D.

To be sure, "[w]aiver of privilege claims is the most extreme sanction that a court can impose for failure to follow required procedure and courts should reserve it for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests."[23] But that sanction may be justified here in light of AbbVie's conduct with regard to these documents.[24]

First, AbbVie violated this Court's order requiring it to produce a privilege log within three weeks of the associated document production.[25] Then, despite multiple specific requests by the FTC that it produce a log, AbbVie expressly refused to do so for weeks. AbbVie only produced the log after the FTC made clear its intent to file a motion to compel. AbbVie then insisted that any challenge was untimely because the FTC should have used a version of the log produced in *Actavis*. This position directly contradicted the position taken by its counsel in *Actavis*—attorneys from the same law firm—that the FTC could violate the protective order by relying in that case on materials from this case without AbbVie's express authorization. AbbVie then filed a letter brief with the Court asking for a ruling that the FTC was barred from challenging any of these claims. After the Court rejected AbbVie's arguments, it sent the FTC two letters asserting new claims and attempting to supplement its existing claims—the first sent at 5:00 PM on the night before the deadline for the FTC to file a motion to compel and the second at 1:30 PM on the due date. And, on top of all of this, AbbVie seems to have largely ignored the holdings in this Court's December 2015 privilege opinion; most of the documents challenged here appear to be precisely the same kinds of business documents that the Court has already explained are not privileged.

---

Ga. 2008) (finding privilege claims waived where entries were "wholly inadequate to allow Plaintiffs or the Court to evaluate the validity of the assertions" and defendant "inordinate[ly] delay[ed]" providing the logs).

[23] *Williams*, 274 F.R.D. at 695-98.

[24] This conduct is described in more detail in the FTC's June 28 letter to the Court, Dkt. No. 182.

[25] Dkt. No. 143.

If, at any point, AbbVie had simply engaged with the FTC in good faith, neither AbbVie nor the FTC—nor the Court—would be in this position. Throughout this case, the FTC has quickly notified AbbVie of any deficiencies in its privilege logs. In response, AbbVie has corrected many of those deficiencies, withdrawing almost 1,000 improper claims and obviating hundreds of privilege challenges. AbbVie could have (and should have) followed the same process here and timely substantiated its claims or produced any improperly withheld documents. It chose not to do so. In light of that decision, it would be appropriate for this Court to order produced the documents listed in Exhibit 1.

## II.  AbbVie has improperly withheld ordinary business or strategy documents

Regardless of whether the Court grants waiver as requested above, all of the documents challenged here by the FTC appear to be unprivileged business documents. The attorney-client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."[26] As this Court previously explained, for the attorney-client privilege to apply, "the corporation 'must clearly demonstrate that the communication in question was made for the express purpose of securing legal not business advice.'"[27] In its December 2015 Order, this Court identified certain types of business and marketing documents that are unlikely to be privileged. For example, "[a] company's 'decision on how to market or advertise a product, or what conditions of sale should apply' is not privileged" because it

---

[26] *Fisher v. United States,* 425 U.S. 391, 403 (1976).

[27] Dkt. No. 145 at 9-10 (quoting *Kramer v. Raymond Corp.*, No. 90-cv-5026, 1992 WL 122856, at *1 (E.D. Pa. May 29, 1992)).

primarily relates to business policy.[28] Similarly, "Solvay's strategies to extend a product's life cycle and exclusivity are commercial, not legal, in nature."[29]

Troublingly, however, AbbVie appears to have largely ignored this Court's prior ruling. It has withheld numerous documents that appear to fall squarely within the Court's proscriptions. Indeed, AbbVie even appears to have withheld as privileged an identical copy of at least one document that the Court ordered produced in December.[30] This suggests that AbbVie did not adequately apply this Court's guidance when asserting privilege claims.

The FTC has identified four categories of withheld or redacted documents that appear to be primarily business in nature: (1) standard business and marketing documents; (2) documents related to AbbVie's business decision ███████████████████████ (3) documents related to regulatory strategy; and (4) documents related to anticipated generic AndroGel entry and loss of exclusivity. Each of these categories is described in turn below. The FTC has proposed exemplar documents from each category. These exemplars are highlighted in yellow on Exhibit 2. If the Court chooses to pursue a sampling approach, we request that the Court review the exemplars *in camera*, issue rulings on these documents, and provide guidance for AbbVie to re-review the remainder of the documents in accordance with the Court's decision. We further request that, for any challenged document it continues to withhold, the Court order AbbVie to explain specifically how that document is privileged in light of this Court's opinions.

---

[28] *Id.* (quoting *In re Domestic Drywall Antitrust Regulation*, No. 12-MD-2437, 2014 WL 5090032, at *4 (E.D. Pa. Oct. 9, 2014)).

[29] Dkt. No. 145 at 39.

[30] ███████████████████████████████████████████████
███████████████████████████████████████████████

### A. AbbVie improperly withheld standard business and marketing documents

AbbVie has withheld or redacted over 100 documents that, based on their title and description, appear to be standard business or planning documents related to AbbVie's "decision on how to market or advertise a product, or what conditions of sale should apply."[31] The disputed documents in this category are listed in Exhibit 2(A), with proposed exemplars highlighted.

Almost all of these documents appear to be presentations or emails related to AndroGel marketing, promotion or sales. The documents bear titles such as ████████████████

██████████████████████████████████████████████

████████████████████[34] These names indicate that the documents are standard business planning documents, such as long range plans and pricing analyses, prepared for business purposes. And many of the descriptions note that the document relates to a business topic like ████████████████[35] ████████████[36] or ██████████████

█████[37] Indeed, these appear to be exactly the kinds of business documents this Court determined were not privileged in its December 2015 opinion.[38]

Further, the listed authors, senders, and recipients of these documents are AbbVie marketing or finance personnel, strongly suggesting that the documents were created and circulated for business purposes. ████████████████████████████

██████████████████████████████████████████████

---

[31] (Dkt. No. 145 at 9) (quoting *In re Domestic Drywall*, 2014 WL 5090032, at *4).

[32] Ex. 2(A), Entries 3076, 3117, 3125.

[33] Ex. 2(A), Entry 2935.

[34] Ex. 2(A), Entry 2549.

[35] Ex. 2(A), Entry 1321.

[36] Ex. 2(A), Entries 2996, 2997, 2999, 3076.

[37] Ex. 2(A), Entry 3306.

[38] Dkt. No. 145.

████████████████████████████

Additionally, for the majority of the challenged documents, the entry does not indicate that any lawyer sent or received it. Courts are particularly wary of claims of privilege over communications where no attorney is present at all. As one court has observed: "[D]ocuments prepared by non-attorneys and addressed to non-attorneys. . . are generally not privileged since they are not communications made 'primarily for legal advice.'"[39]

As for the entries that do identify the involvement of a lawyer, AbbVie must "clearly demonstrate that the communication in question was made for the express purpose of securing legal not business advice."[40] The attorney-client privilege "does not shield documents merely because they were transferred to or routed through an attorney."[41] Moreover, the mere fact that a lawyer provides input into an otherwise business-related document does not automatically render the document legal advice.[42] Indeed, "[b]ecause legal advice in the corporate community is often intertwined," courts look to whether the communication is "predominantly legal" in nature.[43] Most of the challenged entries that identify a lawyer indicate that the lawyer was only one of many people copied on the communication—the others being business personnel. AbbVie bears the burden of establishing that the withheld documents are predominately legal in nature, and it has failed to meet its burden here.

---

[39] *Pacamor Bearings, Inc. v. Minebea Co.*, 918 F. Supp, 491, 511 (D.N.H. 1996).

[40] Dkt. No. 145 at 9 (quoting *Kramer*, No. 90-cv-5026, 1992 WL 122856, at *1).

[41] Dkt. No. 145 at 6 (quoting *Smithkline Beecham Corp.*, 232 F.R.D. at 478).

[42] *See, e.g.*, *King Drug Co. of Florence v. Cephalon, Inc.*, 2011 U.S. Dist. LEXIS 71806, at *34 (E.D. Pa. July 5, 2011) ("The fact that it was 'based on verbal feedback' from a lawyer cannot transform a business communication into a privileged one."); *Synopsys, Inc. v. Ricoh Co.*, No. 03-CIV-2289, 2006 U.S. Dist. LEXIS 64270, at *8 (N.D. Cal. Aug. 28, 2006) ("Documents such as a contract (and exchange of offers and counteroffers), patent application, demand letter, etc. are typically drawn 'pursuant to advice of counsel.' But they are not therefor [sic] privileged. Only the communications between client and attorney (or perhaps documents memorializing or describing such communications) themselves are privileged.").

[43] *In re Bristol-Myers Squibb Sec. Litig.*, No. 00-cv-1990, 2003 WL 25962198, at *5 (D.N.J. June 25, 2003) (internal quotation marks omitted).

Even though many entries provide very little information, there is significant reason to question their privilege claims. For example, some withheld documents were attached to cover emails that provide useful context. █████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████[44] But the parent email fills in some of the gaps in the log entry. According to this e-mail, ██████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████[45] As this cover email makes clear, the withheld document is a business presentation related to AndroGel pricing, not a communication that is predominantly legal in nature.

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████[46] The fact that AbbVie redacted even the non-legal titles of these documents suggests that it hsd applied an unduly broad view of what information is privileged.

---

[44] *See* Ex. 2(A), Entry 2923.

[45] *See* Ex. 9, ABBVIE-AGEL03140748,cover email to Entry 2923.

[46] *See* Ex. 10, ABBVIE-AGEL03138957, cover email to Entry 3016.

The documents in Exhibit 2(A) appear to be standard business documents, prepared for business purposes and circulated primarily among businesspeople. To the extent a lawyer was involved at all, there is no indication that the purpose of the document was primarily legal. Thus, these documents should be produced. Six of these entries also claim work product protection. Five of those do not indicate—even generally—what litigation they were prepared for.[47] The sixth merely states that it relates to ███████████████[48] These vague assertions of work product are not sufficient.[49]

**B.  AbbVie improperly withheld ███████████████████████████**

AbbVie has withheld or redacted four documents related to ██████████████ ████████████████████████████████. These documents include two PowerPoint presentations and two emails. These documents were created and circulated by businesspeople. One of them fails to identify any lawyer involved. For the other three, one lawyer is listed as one of multiple recipients or "cc'd." The disputed documents in this category are listed in Exhibit 2(B), with proposed exemplars highlighted.

The FTC alleges that Defendants' anticompetitive conduct in this case bought AbbVie time to transition the market from AndroGel 1% to AndroGel 1.62% prior to generic 1% entry. Because generic 1% products would not be automatically substitutable for brand-name AndroGel 1.62% prescriptions, this strategy substantially eroded the market for a generic version of Androgel 1%, greatly diminishing the consumer benefit from generic entry.[50] ██████████

---

[47] Ex. 2(A), Entries 2835, 2849, 2852, 2934, 3988.

[48] Ex. 2(A), Entry 2366.

[49] In its June 29 letter, AbbVie attempts to provide more information about some of these documents. As discussed below, AbbVie submitted this additional information the night before the FTC's deadline to file a motion to compel after refusing to provide it for weeks, and the Court should therefore not consider it. Regardless, a cursory review of these new entries suggests that they still do not adequately explain the documents' relationship to litigation.

[50] Dkt. No. 12, ¶ 151.

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

AbbVie withheld all four documents on attorney-client privilege grounds, and so must "clearly demonstrate that the communication in question was made for the express purpose of securing legal not business advice."[51] But each document appears to relate to the business strategy ███████████████████████, not for the primary purpose "to gain or provide legal assistance."[52] As this Court previously observed, "Solvay's strategies to extend a product's life cycle and exclusivity are commercial, not legal, in nature."[53]

Specifically, the document titles include ███████████████████████ ██████████[54] and ██████████████████████[55] The identified authors, senders, and recipients of the challenged documents are primarily marketing or finance personnel. Although one lawyer, ████████████, is listed as a recipient or "cc'd" on three of these documents, in each case, four other business personnel also received the document. And, as discussed above, the attorney-client privilege "does not shield documents merely because they were transferred to or routed through an attorney."[56] Instead, AbbVie bears the burden of establishing that the withheld documents are predominately legal in nature—a burden it has failed to meet here.

---

[51] Dkt. No. 145 at 9 (quoting *Kramer*, 1992 WL 122856, at *1).

[52] *Cephalon, Inc.*, 2011 U.S. Dist. LEXIS 71806, at *32. Moreover, even if some portion of these business presentations legitimately reflects or memorializes legal advice, the appropriate course is to apply targeted redactions, rather than withholding the document entirely as AbbVie has done here.

[53] Dkt. No. 145 at 39.

[54] Ex. 2(B), Entry 3369.

[55] Ex. 2(B), Entries 4319, 4321.

[56] Dkt. No. 145 at 6 (quoting *Smithkline Beecham Corp.*, 232 F.R.D. at 478).

In short, given the financial and commercial context of these documents and the business nature of the ████████████████████████████████, the available information indicates that the withheld presentations and emails are not privileged. Consequently, AbbVie should be compelled to produce them.

### C.  AbbVie improperly withheld or redacted regulatory-related communications

The FTC also challenges eight documents, by and between businesspeople, that appear to address the implications of FDA regulatory decisions as they relate to their company's products and potential business strategies. AbbVie has not met its burden to prove that these documents involve the request for, or provision of, legal advice. The disputed documents in this category are listed in Exhibit 2(C), with proposed exemplars highlighted.

"Because legal advice in the corporate community is often intertwined with and difficult to distinguish from business advice, the inquiry is focused on whether the communication is designed to meet problems which can fairly be characterized as *predominantly legal*."[57] Similarly, "involvement of in-house counsel alone is not enough for the attorney-client privilege to be applicable" and "[c]ourts have not been willing to presume that the services [in-house counsel] provided were of a legal, as opposed to a business, nature."[58]

This Court's December 14, 2015 decision addressed this exact issue in the context of an email sent from Jim Hynd, an AbbVie Vice President, to Perry Siatis, AbbVie in-house counsel, regarding regulatory strategy. After review, the Court ordered the email produced, holding that the attorney-client privilege "does not apply if the client seeks regulatory advice for a business

---

[57] *Bristol-Myers Squibb*, 2003 WL 25962198, at *5 (internal quotation marks omitted) (emphasis in original).

[58] *Craig v. Rite Aid Corp.*, No. 4:08-cv-2317, 2012 WL 426275, at *6 (M.D. Pa. Feb. 9, 2012) (quoting 1 Rice, Attorney-Client Privilege § 3:14, at 55-56 & n. 32).

purpose."[59] The Court elaborated: "[a]s a participant in a highly-regulated industry, a pharmaceutical company must consider regulatory matters in making nearly all of its business decisions. We note that the attorney-client privilege 'is construed narrowly.'"[60]

The challenged documents in this category likewise appear to concern the business implications of regulatory events. For example, AbbVie has completely withheld ████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████████ It appears that this email chain was likely a discussion among businesspeople about the business implications of ███████████████████████████████████████████████████ Two attorneys are listed in the "other attorney" column, but they are not listed as senders or recipients and it is not clear what involvement they may have had with the document. None of the available information about the document supports AbbVie's description of it as an ████████ ████████████████████████████████████████████████ ██████████[61]

████████████████████████████████████████ ██████████████████████████████████████████████████████ █████████████████████████ The information available suggests that this document was created to widely disseminate regulatory information, not (as AbbVie describes) to ███████ ███████████████████████████████████████[62]

[59] Dkt. No. 145 at 25-26 (citing *In re Avandia*, No. 07-md-01871, 2009 WL 4807253, at *6 (E.D. Pa. Oct. 2, 3009); *In re Grand Jury Matter*, 147 F.R.D. 82, 85 (E.D. Pa. 1992)).

[60] *Id. at* 26 (citing *Westinghouse Elec. Corp.*, 951 F.2d at 1423).

[61] *See* Ex. 2(C), Entry 9406.

[62] *See* Ex. 2(C), Entry 4531.

The documents in this category appear to be regulatory-related communications that are not predominantly legal in nature and therefore not subject to the attorney-client privilege. AbbVie should be compelled to produce these relevant, non-privileged documents.

### D. AbbVie improperly withheld and redacted generic entry or "loss of exclusivity" planning documents

AbbVie has redacted or withheld approximately 45 documents that appear to concern the date (as of various times) on which AbbVie expected entry of generic AndroGel—often referred to in the documents as "loss of exclusivity" or "LOE." This issue is highly relevant to the FTC's claims and remedies in this case for at least three reasons.

First, it goes to AbbVie's incentive and motivation to file sham litigation to delay generic entry, which they forecasted was imminent.

Second, changes in AbbVie's generic entry expectations are probative of AbbVie's own assessment of the weakness of the positions it took in the underlying patent litigation. As just one example, Teva filed its summary judgment motion (based on prosecution history estoppel) on August 1, 2011. Shortly thereafter, █████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████

Third, AbbVie's forecasted generic entry dates are relevant to remedy because they bear on the reasonable approximation of when generic entry would have occurred absent Defendants' unlawful conduct and thus may inform calculation of the appropriate amount of equitable monetary relief.

In its December 14, 2015 opinion, this Court previously ordered AbbVie to produce several business documents concerning estimates of generic entry. In so ruling, the Court noted that while "a business strategy is always infused with some legal concerns, particularly where the business strategy focuses on the likelihood of competitor actions," if the focus of a communication is for business rather than legal concerns, it is not protected by privilege.[63] The documents listed in Exhibit 2(D) appear to contain similar non-privileged information relating to generic entry estimates.

### 1.   AbbVie improperly withheld business forecasting scenario presentations

About half of the withheld documents in this category are presentations or spreadsheets that appear to be forecasts or scenarios of generic entry. These presentations bear titles like



[64] [65] and [66] Some titles also specifically indicate that this version of the document was specifically reviewed by a businessperson, *e.g.*, [67] or [68] The majority of these presentations were sent by The recipients are primarily business personnel. Some documents identify no lawyer involved. Others list a lawyer as one of multiple recipients. But, as described above, the mere fact that a lawyer received a document does not demonstrate that the document is privileged.[69]

---

[63] Dkt. No. 145 at 19-20.

[64] Ex. 2(D), Entry 550.

[65] Ex. 2(D), Entries 6942, 6953.

[66] Ex. 2(D), Entry 3039.

[67] Ex. 2(D), Entry 3602.

[68] Ex. 2(D), Entry 6953.

[69] *Rite Aid*, 2012 WL 426275, at *6 ("[I]nvolvement of in-house counsel alone is not enough for the attorney-client privilege to be applicable" and "[c]ourts have not been willing to presume that the services [in-house counsel]

Most of these withheld presentations contain vague descriptions claiming that the

presentation either  But this Court

rejected similar claims in its December 2015 opinion. Instead, reviewing business presentations

that incorporated estimates of generic entry, the Court found that:

> [W]here Abbott mentioned a likely market entry date for generic competitors and the expected duration of patent exclusivity, this was to prepare a strategy for marketing and promoting Solvay's products. Even though in-house counsel may have been consulted to help determine the market entry date for those competitors, this does not mean that any document using that date must be privileged.[70]

Similarly, in a discussion of another business planning document that the Court ordered

produced, it noted that "Solvay's strategies to extend a product's life cycle and exclusivity are

commercial, not legal, in nature."[71]

Based on the titles, descriptions, and participants involved in these documents, it appears

that they were created to develop business strategies in preparation for impending market

competition. They are therefore not likely to be privileged.

For one document, AbbVie also claims work product protection.[72] The entry does not

identify—even generally—any litigation to which the document relates. In fact, the document,

titled                                                                              

                                              and is described as related to a                        

                      Unlike the spreadsheets this Court previously found to be protected work product,

there is no claim that this presentation was created "for the specific and sole purpose of

---

provided were of a legal, as opposed to a business, nature." (quoting 1 Rice, Attorney-Client Privilege § 3:14, at 55-56 & n. 32)).

[70] Dkt. No. 145 at 32.

[71] Dkt. No. 145 at 39.

[72] Ex. 2(D), Entry 4634.

analyzing the relevant data and transmitting the results of the analysis to Mr. Siatis."[73] Indeed, this document appears to be an ordinary business presentation related to planning for generic AndroGel entry.[74]

### 2. AbbVie improperly withheld and redacted business planning emails

The remainder of the documents listed in Exhibit 2(D) are emails that appear to either attach or discuss the presentations described above. These emails similarly have titles indicating they are unprivileged business planning documents: for example, ████████████████ ████████[75] ████████████████████████[76] and ████████████████████ ████[77] These emails also were exchanged primarily among businesspeople, including █████████ ████████████ On some of these emails, one or two in-house counsel are copied among numerous recipients. But many seem to entirely lack the participation of an attorney. And, regardless, like the presentations described above, these appear to be ordinary business documents related to AndroGel loss of exclusivity and generic entry.

Indeed, in its December 2015 opinion, this Court found that a similar email improperly redacted the date that Besins expected generic AndroGel to enter the market—even though that email actually was sent by in-house counsel: "This estimate is the product of a business analysis of the competition in the market for the generic drug."[78] The Court went on to note that "The entry date is mentioned to assess future steps Besins should take in pursuing its business

---

[73] Dkt. No. 128-2 at 2.

[74] *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) ("Work product prepared in the ordinary course of business is not immune from discovery,"); *FTC v. Boehringer Ingelheim Pharms., Inc.*, 778 F.3d 142, 149 (D.C. Cir. 2015) "(Where a document would have been created in substantially similar form regardless of the litigation, work product protection is not available." (citation and quotation marks omitted)).

[75] Ex. 2(D), Entry 545.

[76] Ex. 2(D), Entry 1058.

[77] Ex. 2(D), Entry 3560.

[78] Dkt. No. 145 at 17 (citing *Kramer*, 1992 WL 122856, at *1).

strategy… in light of competitor entry dates. It is not mentioned for the purpose of obtaining

legal advice."[79] If anything, the emails challenged here—none of which were sent by an attorney

and all of which involve primarily marketing personnel—are less likely to be privileged than the

one this Court previously ordered produced.

### III.  This Court should not consider AbbVie's belated attempt to provide additional information

This Court should reject AbbVie's belated attempt to address an impending motion to

compel by producing additional information about its privilege claims at the last minute. At 5:00

PM on June 29, the day before the deadline for the FTC to file a motion to compel—after (1)

failing for months to produce a privilege log for the "deemed produced" documents in this case,

(2) repeatedly refusing the FTC's request that it provide a privilege log, (3) informing the FTC

that it would not re-consider any of its claims because the FTC's challenges were untimely, and

(4) filing a five-page, single-spaced letter brief with the Court requesting that the FTC be barred

from challenging these claims—AbbVie sent the FTC a letter purporting to supplement its

claims.[80] The next day—the date the motion was due—AbbVie sent a second, similar letter. This

last-minute attempt by AbbVie to evade the consequences of its months-long failure to engage

on these issues should not be allowed.

AbbVie's letters provide supplemental privilege log entries for more than sixty

documents.[81] The supplemental entries add new information about the documents that AbbVie

previously refused to disclose. Many of the new entries also assert entirely new work product or

common-interest claims for documents that previously claimed only attorney-client privilege.

Additionally, the letter identifies seventeen documents or redacted portions of documents that—

---

[79] Dkt. No. 145 at 17 (citing *In re Teleglobe*, 493 F.3d at 359.)

[80] *See* Exs. 5 and 6.

[81] Ex. 5 at 1.

despite being produced or logged in response to the FTC's document requests—AbbVie now claims are "not responsive."

As an initial matter, many of these supplemented entries do nothing to address the deficiencies in the original claim. At least one "supplemental" entry is identical to the original. And numerous others raise more questions than they answer. In addition, several of the redacted documents for which AbbVie now claims the redactions are non-responsive seem plainly to relate to AndroGel.

Regardless, as AbbVie well knows, the FTC cannot possibly review more than fifty supplemental privilege log entries and make substantial revisions to a lengthy motion in one business day, let alone react to the additional information that AbbVie produced on the afternoon of the day this motion is due. It is improper for AbbVie to provide new information and— especially—to assert new claims at this late date. Indeed, Courts have rejected precisely this kind of gamesmanship.[82]

The FTC properly relied on the information in AbbVie's privilege logs to evaluate its claims. When the FTC requested more information, AbbVie repeatedly and aggressively refused to provide it. Moreover, the FTC expended significant time and resources and worked expeditiously to review the original, gravely deficient privilege log, prepare its original deficiency letter, and prepare this motion—not to mention the time it spent responding to AbbVie's lengthy letter brief to the Court. There should be a consequence to AbbVie's actions:

---

[82] *See In re Honeywell Int'l, Inc. Secs. Litig.*, 230 F.R.D. 293, 299-300 (S.D.N.Y. 2003) ("Parties should not be permitted to re-engineer privilege logs to align their privilege assertions with their legal arguments. . . . Such a practice undermines the very purpose of privilege logs, and promotes the kind of gamesmanship that courts discourage in discovery."); *see also SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 165-67 (S.D.N.Y. 2014) (declining to consider information in revised privilege log that was untimely); *Gen. Elec. Co. v. Johnson*, No. 00-cv-2855, 2007 WL 433095, at *3-6 (D.D.C. Feb. 5, 2007) (finding that new privilege claims asserted after motion to compel were waived).

AbbVie should be held to its original claims rather than allowed to submit new and entirely different information at the 11th hour.

## Conclusion

AbbVie failed to carry its burden of proving it is entitled to shield from discovery the relevant documents challenged in this motion. For the foregoing reasons, the FTC respectfully asks the Court to review these documents *in camera* and order that they be produced. Alternately, the FTC requests that the Court order AbbVie to (1) produce entirely or remove improper redactions from the documents identified in Exhibits 1 and (2) after *in camera* review of the FTC's proposed sample documents from Exhibit 2, order those documents produced and order AbbVie to re-review the remainder of the challenged documents applying the principles laid out in this Court's opinion.

Dated: June 30, 2016                    Respectfully submitted,

*/s/ Patricia M. McDermott*
Patricia M. McDermott
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2569
pmcdermott@ftc.gov

*Counsel for Plaintiff*
*Federal Trade Commission*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Case Number: 2:14-CV-5151-HB** |
| **ABBVIE INC., et al.,** | |
| **Defendants.** | |

**Declaration in Support of Plaintiff Federal Trade Commission's
Motion to Compel AbbVie Defendants to Produce Documents Improperly
Withheld on Privilege Grounds from their Georgia Privilege Logs**

I, Patricia M. McDermott, declare as follows:

1.  I am an attorney licensed to practice in the District of Columbia representing the Federal Trade Commission ("FTC") in the above-captioned matter. I made my appearance in this case pursuant to Local Rule 83.5(e).

2.  I submit this declaration in support of the FTC's Motion to Compel AbbVie Defendants to Produce Documents Improperly Withheld on Privilege Grounds from their Georgia Privilege Logs.

3.  Attached hereto as Exhibit 1 is a true and correct copy of excerpts of the privilege log entries challenged by the FTC in this motion. Exhibit 1 is a compilation of entries from the privilege logs AbbVie Defendants produced on June 13 and 14, 2016.

4.  Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the privilege log entries challenged by the FTC in this motion. Exhibit 2 is a compilation of entries from

the privilege logs AbbVie Defendants produced on June 13 and 14, 2016. The highlighted entries indicate the sample entries for the Court's review.

5.  Attached hereto as Exhibit 3 is a true and accurate copy of a letter from Patricia McDermott, Esq. to Adam Lawton, Esq. dated May 17, 2016.

6.  Attached hereto as Exhibit 4 is a true and accurate copy of a letter from Joel Purles, Esq. to Patricia McDermott, Esq. dated May 31, 2016.

7.  Attached hereto as Exhibit 5 is a true and accurate copy of a letter from Joel Purles, Esq. to Patricia McDermott, Esq. dated June 29, 2016.

8.  Attached hereto as Exhibit 6 is a true and accurate copy of a letter from Joel Purles, Esq. to Patricia McDermott, Esq. dated June 30, 2016.

9.  Attached hereto as Exhibit 7 is a true and accurate copy of Entry 2858 of AbbVie Defendants' June 13 Privilege Log.

10. Attached hereto as Exhibit 8 is a true and accurate copy of the document produced in this litigation and bearing the bates numbers AGEL-PA-006-0001804 through AGEL-PA-006-0001806.

11. Attached hereto as Exhibit 9 is a true and accurate copy of the document produced in this litigation and bearing the bates number ABBIVE-AGEL03140748.

12. Attached hereto as Exhibit 10 is a true and accurate copy of the document produced in this litigation and bearing the bates number ABBVIE-AGEL03138957.

I declare under penalty of perjury that the foregoing is true and correct

Dated: June 30, 2016

Patricia M. McDermott

2

Filed Under Seal

# Exhibits 1-2

# Exhibit 3



UNITED STATES OF AMERICA
### FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

**Bureau of Competition**
**Health Care Division**
**600 Pennsylvania Avenue, NW**
**Washington, D.C. 20580**

**Patricia McDermott**
**Attorney**

**Phone: (202) 326-2569**
**Email: pmcdermott@ftc.gov**

May 17, 2016

*Via E-mail*

Stuart Senator
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, CA 90071

      Re:    *FTC v. AbbVie Inc.*, 14-cv-5151 (E.D. Pa.)

Dear Stuart:

      I write to advise you that the FTC has identified a substantial number of deficiencies in the privilege log submitted by the AbbVie Defendants on April 29, 2016 (the "4/29 Log") and certain documents deemed produced by the AbbVie Defendants from FTC v. Actavis, Inc., 09-cv-955 (N.D. Ga.).

      From our review of the 4/29 Log and certain documents deemed produced from *FTC v. Actavis, Inc.*, 09-cv-955 (N.D. Ga.) (the "Redacted *Actavis* Documents*"*), it appears the AbbVie Defendants have withheld or redacted a number of documents based on improper or insufficiently supported assertions of attorney-client privilege and work product protection.[1] Many of the 4/29 Log entries and Redacted *Actavis* Documents present the same issues detailed in my March 21 and April 27 letters concerning the AbbVie Defendants' 2/29, 3/14, 3/21,  and 3/31 Logs ("the 3/21 and 4/27 Letters"). Thus, the FTC incorporates by reference the legal arguments and authorities cited in those letters rather than restating each here.

      As a threshold matter, the FTC has ongoing concerns that the AbbVie Defendants have failed to construe privilege properly and in accordance with Judge Bartle's December 14, 2015 rulings. Indeed, in the 4/29 Log the AbbVie Defendants once again redact materials that Judge Bartle reviewed *in camera* and explicitly ordered produced.[2] At best, this repeated error casts significant doubt on the accuracy and validity of the AbbVie Defendants' privilege review.

---

[1] To date, the AbbVie Defendants have not deemed produced in this case the privilege logs associated with these productions from the *Actavis* case.  Without these privilege log entries, the AbbVie Defendants have failed to substantiate the withholding of these materials or redacted content on privilege grounds in this case.
[2] *See e.g.* entries 893 and 1187. *Compare* entry 893 *with* AGEL-PA-006-0001741; *compare* entry 1187 *with* AGEL-PA-006-0001724.

Stuart Senator
May 17, 2016
Page 2

In addition, your refusal to provide the requested legend identifying the position and employer or affiliation of the individuals listed on the logs or the custodial information for the withheld entries makes it difficult for the FTC to assess the AbbVie Defendants' privilege claims and to determine whether there has been disclosure to a third party. At a minimum, we request that you identify all non-AbbVie employees that appear on the privilege logs. In the meantime, we have questions about the following specific individuals and apparent distribution list: Meghan Coy, Linda Friedlieb, Libby Holman, Michelle Krueger, Nancy Parsons, Gregory Ringenberg, Kenneth Zhang, and US-LC-AP04A-4-A-N. Please provide the position and employer/affiliation for each of these individuals and the complete list of recipients for the email distribution list.

Beyond these issues, the deficiencies in the 4/29 Log fall into the eight general categories discussed below, with specific examples of each provided. A more comprehensive list of the documents within each category is contained in Appendices A and B. Appendix A includes the documents from the 4/29 Log. Appendix B includes certain of the redacted documents designated as produced in this case from *Actavis*. We ask that the AbbVie Defendants produce copies of the documents that fall within the categories identified below and in Appendices A and B, or provide updated privilege logs with sufficient justifications for withholding these documents.

### A.    Ordinary course business-related documents

As with each of the prior logs, the AbbVie Defendants have redacted and withheld on the basis of attorney-client privilege a large number of documents that appear to be ordinary course commercial materials prepared by business personnel for business purposes, including business strategy documents, communication plans, due diligence reports, marketing plans, and profit and loss presentations. The FTC incorporates by reference the arguments and authorities cited in the 3/21 and 4/27 Letters concerning this category of documents. (*See* 3/21 Letter at A; 4/27 Letter at A.) The chart below contains some examples of this category from the 4/29 Log. (*See also* App. A § I.A; App. B § I.A.)

| | Begin Bates | Priv Type | Description | Date | Title | Author | Sender | Recipients | CC/ BCC | Other Attorney |
|---|---|---|---|---|---|---|---|---|---|---|
| 1258 | AGEL-PA-006-0533898 | AC | Draft presentation providing information for the purpose of obtaining legal advice regarding AndroGel marketing. | 8/10/2011 | AndroGel 1.62% Patient Transition Support - Consumer Slides_8 9 11_SP.ppt | [blank] | Conran, Julie | Gautsch, Michael | Parekh, Shruti | Bownas, Pearson |
| 1612 | AGEL-PA-006-0461104 | AC | Presentation reflecting legal advice regarding AndroGel marketing. | 12/09/2013 | AndroGel Attack Plan - Combined.pptx | Doylida, Stephen | [blank] | [blank] | [blank] | Bownas, Pearson |
| 1789 | AGEL-PA-006-0533451 | AC | Presentation providing legal advice regarding brand assessment and potential scenarios. | 03/19/2014 | AndoGel Market Performance Analysis - Hynd RAG Review FINAL_3 19 14 (4).pptx | Ecklund Groundwater, Christine | Hollinger, Janet | Gautsch, Michael; Lock, Elizabeth | [blank] | Corbin, Johanna |

Stuart Senator
May 17, 2016
Page 3

The titles, authors, and descriptions of these documents, as well as the produced portions of the redacted documents, suggest that these documents are ordinary course business presentations or reports prepared by business employees for commercial purposes. For example, entry 1258 appears to be a business document sent exclusively between business personnel. The email to which this document was attached demonstrates that it is "the first draft of the consumer slide deck" prepared by an AndroGel Product Manager marketing employee. There is no discernable justification for withholding this document entirely on the basis of privilege.

Similarly, entry 1789 above is withheld entirely even though it is written by a businessperson, distributed exclusively among businesspeople and the document title "AndoGel Market Performance Analysis" strongly suggests that it was made for a commercial purpose rather than a legal one. Furthermore, the cover email attaching this withheld document refers to a "finance slide" and makes no reference to legal issues. Even the log description of "brand assessment and potential scenarios" appears to be commercial in nature.

Finally, entry 1612 is a business presentation produced by the AbbVie Defendants in redacted form. It was created by a businessperson and found in a businessperson's files. Page 25 of the document immediately following a slide titled ""Franchise Next Steps" is redacted completely, but from the context would seem to be a business plan. On page 28 of the document, a section titled "AndroGel 1% Pump – Communication Overview" is also completely redacted. The discontinuation of the AndroGel pump and how to distribute that news appears to be a commercial issue not properly withheld.

We ask that the AbbVie Defendants produce unredacted copies of the ordinary-course business documents identified in Appendices A and B, or provide updated privilege log descriptions with sufficient justifications for withholding or redacting these documents

## B.   Business and regulatory-related communications

The AbbVie Defendants also have asserted attorney-client privilege over what seem to be business-related email exchanges that do not appear to have the purpose of transmitting or seeking legal advice. The FTC incorporates by references the legal arguments and authorities cited in our 3/21 and 4/27 Letters concerning this category of documents. (*See* 3/21 Letter at B; 4/27 Letter at B.) The chart below sets forth some exemplar business and regulatory communications within this category from the 4/29 Log that we believe are improperly redacted or withheld. (*See also* App. A § I.B; App. B § I.B.)

| | Begin Bates | Priv Type | Description | Date | Title | Author | Sender | Recipients | CC/ BCC | Other Attorney |
|---|---|---|---|---|---|---|---|---|---|---|
| 1635 | AGEL-PA-006-0533961 | AC | Email chain requesting legal advice; providing legal advice regarding FDA communication and product availability. | 12/09/2013 | Re: URGENT AndroGel 1.62% FDA Communication Request | [blank] | Ellington, James | Tatsuguchi, Carl | Gautsch, Michael | Bownas, Pearson; Qazi, Sulaiman; Taylor, Darrell |

Stuart Senator
May 17, 2016
Page 4

| | Begin Bates | Priv Type | Description | Date | Title | Author | Sender | Recipients | CC/ BCC | Other Attorney |
|---|---|---|---|---|---|---|---|---|---|---|
| 1832 | [blank] | AC | Email chain reflecting legal advice regarding brand assessment and potential scenarios. | 04/23/2014 | RE: AndroGel LRP | [blank] | Schultze, Mark | Gautsch, Michael | Kirkpatrick, Amy; Jain, Rita; Miller, Michael; Hynd, James | Corbin, Johanna |
| 1845 | AGEL-PA-006-0534023 | AC | Email providing information for the purpose of obtaining legal advice regarding AndroGel sales. | 05/07/2014 | Androgel historical P&L | [blank] | Wortsmann, Lisa | Gautsch, Michael; Foltz, Robin; Lipinski, Louis | [blank] | Corbin, Johanna |
| 2112 | AGEL-PA-006-0483108 | AC | Email chain reflecting legal advice regarding draft talking points. | 12/30/2014 | Re: NDCs for Perrigo's testosterone available | [blank] | Comer, Marty | Gautsch, Michael | [blank] | Narayan, Sanjay |

Here, the descriptions and "re" lines of these documents suggest that these communications concerned commercial matters not necessarily protected by the attorney-client privilege. For example, entry 1635 is a redacted email chain that involves business and regulatory employees. Furthermore, the subject, "FDA Communication Request" suggests that this email relates to regulatory rather than legal issues, particularly because the unredacted portions of the thread suggest that the email is regarding expiration dates and inventory issues rather than legal ones.

Entry 1832 is an email chain between businesspeople that has been withheld completely. The subject is "Re: AndroGel LRP," which suggests that the email is related to long range business planning. Even the description of "regarding brand assessment and potential scenarios" suggests that this communication between business people was for business planning purposes.

Entry 1845 likewise is an email regarding "AndroGel sales" with the subject "AndroGel historical P&L" sent among businesspeople that has been withheld completely. It is unclear why Ms. Wortsman would send an email "providing information for the purpose of obtaining legal advice" to her business colleagues rather than to an in-house counsel.

Finally, entry 2112 is an email exclusively between businesspeople produced in redacted form. The unredacted content makes it clear that the email thread is discussing business issues related to stocking, sales, and pricing. The lawyer referred to in the "other attorney" column does not appear to be included in or mentioned in the email chain.

We ask that the AbbVie Defendants produce unredacted copies of the business and regulatory-related communications identified in Appendices A and B, or provide updated privilege log descriptions with sufficient justifications for withholding or redacting these documents, particularly in light of Judge Bartle's ruling, which clearly takes a narrow view of privilege when used to shield business and regulatory discussions.

Stuart Senator
May 17, 2016
Page 5

## C.   Unsubstantiated privilege claims

### a.   Failure to identify specific lawyer

Some entries on the 4/29 Log fail to identify a specific lawyer. The FTC incorporates by reference the legal arguments and authorities cited in the 3/21 and 4/27 Letters concerning this category of documents. (*See* 3/21 Letter at C.2; 4/27 Letter at D.a.) Examples from the 4/29 Log are listed in the table below. (*See also* App. A § II.A.)

| | Begin Bates | Priv Type | Description | Date | Title | Author | Sender | Recipients | CC/ BCC | Other Attorney |
|---|---|---|---|---|---|---|---|---|---|---|
| 891 | AGEL-PA-006-0460900 | AC | Presentation providing information for the purpose of obtaining legal advice regarding brand assessment and potential scenarios. | 01/16/2009 | AndroGel Business Review.ppt | Hardy, Juliana | [blank] | [blank] | [blank] | AbbVie In-House Counsel |
| 1386 | AGEL-PA-006-0461432 | AC; WP | Email chain made in connection with or anticipation of litigation regarding competitor claims about AndroGel | 07/30/2013 | RE: Snapshot of AndroForte | [blank] | Sarvaiya, Viraj | Sanders, Catharine | Gautsch, Michael; Lock, Elizabeth | AbbVie In-House Counsel |
| 1498 | AGEL-PA-006-0461099 | AC | Email chain providing information for the purpose of obtaining legal advice regarding AndroGel marketing. | 10/30/2013 | RE: Restoration Program | [blank] | Sanders, Catharine | Jones III, David; Callahan, Julie | Klein, Thomas | AbbVie In-House Counsel |

We ask that the AbbVie Defendants produce unredacted copies of the documents that fall within this category, or provide updated privilege log descriptions that identify the particular attorney(s) involved in the communications.

### b.   Communications in which a lawyer's involvement is either incidental or unclear

The AbbVie Defendants have asserted attorney-client privilege over a number of communications in which a lawyer's involvement appears to have been incidental or is unclear. The FTC incorporates by references the arguments and authorities cited in our 3/21 and 4/27 Letters concerning this category of documents. (*See* 3/21 Letter at C.1; 4/27 Letter at D.b.) The chart below has some examples of documents where the involvement of the lawyer appears to be incidental or unclear. (*See also* App. A § II.B.)

Stuart Senator
May 17, 2016
Page 6

| | Begin Bates | Priv Type | Description | Date | Title | Author | Sender | Recipients | CC/ BCC | Other Attorney |
|---|---|---|---|---|---|---|---|---|---|---|
| 1077 | AGEL-PA-006-0532640 | AC | Email chain providing information for the purpose of obtaining legal advice regarding status of New Drug Application and response to FDA requests. | 01/08/2010 | FW: Update on AndroGel 1.62% NDA | [blank] | Hynd, James | Hardy, Juliana | Janco, Jay | Klinger, Shannon |
| 1814 | [blank] | AC | Email chain providing legal advice; reflecting legal advice regarding draft business plan. | 04/08/2014 | RE: Forecasting | [blank] | Gautsch, Michael | Wortsmann, Lisa | [blank] | Bownas, Pearson |
| 1823 | AGEL-PA-006-0470419 | AC | Email chain reflecting legal advice regarding proposed AndroGel promotional material. | 04/17/2014 | Fwd: Androgel LRP | [blank] | Hynd, James | Hardy, Juliana | [blank] | Corbin, Johanna |
| 2083 | AGEL-PA-006-0489511 | AC | Email providing information for the purpose of obtaining legal advice regarding AndroGel marketing. | 10/13/2014 | Meeting Recap: Oct. 13, 2014 AndroGel Professional - Collab Review Meeting | [blank] | Bruno, Monica | Lettow, Cheryl; Desai, Nisha; Doebler, Darryl; Rupnick, Jason; Passarella, Rozita; Wilson, Nicole; Henricks, James; Gautsch, Michael; Hanson, Thomas; Jones Iii, David; Hernandez, Pablo; Agrawal, Kanika; Alvarado Lopez, Neyda; Durbin, Michele; Edwards, Melissa; Hasemann, John; Niday, Danielle; O'Donohue, Sean; Olsen, Laurie; Ringenberg, Gregory; Saad, Michael; Wajda, James; Marzano, Lisa; Paunovich, Jovanka | Tiesch, John; Farrar, Alexandra; Kirsch, Inga; Peebler, Jeff; Sienkiewicz, Katheryn; Kielar, Angeline; Brown, Monica; Tilca Martinez, Felipe; Christiansen, Brian; Lund, Lori; Narayan, Sanjay* | [blank] |

In some of the above examples, the in-house counsel appears to be simply one of many recipients on an email chain. (*See, e.g.*, entries 1077, 2083.) In other instances, the log entries provide no information about any lawyer's role in the communication other than listing an attorney in the amorphous "other attorney" field. (*See, e.g.,* entries 1814, 1823.) For example, entry 1823 is a redacted email discussing long range planning. The redacted passage appears to be a communication from Mr. Hynd to another businessperson providing "clarification on the AndroGel LRP." It appears that some of the redacted portions may involve estimates of generic entry, a category that Judge Bartle explicitly ruled was not protected by privilege in his December 2015 opinion. (Dkt. No. 145 at 17 (holding that Besins cannot redact a generic entry date estimate that is "mentioned to assess future steps Besins should take in pursuing its business strategy.")) It is unclear what involvement if any Ms. Corbin, the individual listed in the "other

Stuart Senator
May 17, 2016
Page 7

attorney" field, had in this thread given that it appears to be just Mr. Hynd answering questions about a business plan to another businessperson.

Accordingly, the FTC requests that the AbbVie Defendants produce unredacted copies of the documents that fall within this category, or provide updated privilege log descriptions with sufficient justifications for redacting these documents.

### c.   Failure to identify the author and/or recipient of withheld documents

The 4/29 Log also has a number of documents for which the AbbVie Defendants have failed to identify the author, sender, and/or recipient. (*See* App. A § II.C.) Some examples are identified in the table below.

| | Begin Bates | Priv Type | Description | Date | Title | Author | Sender | Recipients | CC/ BCC | Other Attorney |
|---|---|---|---|---|---|---|---|---|---|---|
| 1235 | AGEL-PA-006-0531093 | AC | Report reflecting legal advice regarding patent issues. | 01/12/2011 | [Unnamed Document] | [blank] | [blank] | [blank] | [blank] | Chiss, Adam |
| 1374 | [blank] | AC; WP | Draft presentation providing legal advice regarding marketing, intellectual property and analysis of AndroGel litigation and litigation invovling other AbbVie products. | 06/20/2013 | 2014 AndroGel LRP Scenarios.pptx | [blank] | [blank] | [blank] | [blank] | Corbin, Johanna |

Without identifying the author and/or recipient(s) of a communication, the AbbVie Defendants have not satisfied their burden of establishing that these documents are subject to a proper claim of attorney client privilege. The FTC requests that the AbbVie Defendants produce unredacted copies of the documents that fall within this category, or provide updated privilege log descriptions that identify the authors and/or recipients of these documents.

### d.   Impermissibly vague subject matter descriptions

The 4/29 Log also contains some entries with extremely vague subject matter descriptions, as in the examples below. (*See also* App. A § II.D.)

| | Begin Bates | Priv Type | Description | Date | Title | Author | Sender | Recipients | CC/ BCC | Other Attorney |
|---|---|---|---|---|---|---|---|---|---|---|
| 1920 | [blank] | AC | Email reflecting legal advice regarding competition from other products. | 07/03/2014 | [Redacted - Privileged] | [blank] | Taylor, Darrell* | Taylor, Darrell*; Hernandez, Pablo; Koev, Gennadiy; Parker, Neal*; Andrews, Lida; Qazi, Sulaiman*; Freundel, David; Kung, Roger; Ringenberg, Gregory; Hynd, James; Bownas, Pearson*; Comer, Marty; Gautsch, Michael; Rhudy, Hayden | Haas, Jeffrey; Levitan, Lara*; Stewart, Jeffrey; Callahan, Julie; Manchester, Katherine; Wieczorek, Gary | [blank] |

Stuart Senator
May 17, 2016
Page 8

| | Begin Bates | Priv Type | Description | Date | Title | Author | Sender | Recipients | CC/ BCC | Other Attorney |
|---|---|---|---|---|---|---|---|---|---|---|
| 2082 | [blank] | AC; WP | Report compiled by counsel and providing information for the purpose of obtaining legal advice; compiled by counsel and providing legal advice regarding AndroGel litigation. | 10/10/2014 | [Redacted - Privileged] | [blank] | Agozzino, Leozino* | Gautsch, Michael | Bremer, Shannon*; Winchester, Jason* | [blank] |

Such vague descriptions fail to provide any information about the actual subject matter of the communications the AbbVie Defendants claim are privileged and fall short of the obligations under Rule 26. The FTC requests that the AbbVie Defendants produce copies of the documents that fall within this category, or provide updated privilege log descriptions with sufficient descriptions for the subject matter of these documents.

### e.  Failure to identify the relevant litigation or potential adversary

For a number of documents withheld on the basis of work product protection, the 4/29 Log fails to identify the relevant litigation for which the documents were purportedly prepared, as in the examples below. (*See also* App. A § II.E.)

| | Begin Bates | Priv Type | Description | Date | Title | Author | Sender | Recipients | CC/ BCC | Other Attorney |
|---|---|---|---|---|---|---|---|---|---|---|
| 1771 | [blank] | WP | Email chain providing legal advice; made in connection with or anticipation of litigation regarding intellectual property issues. | 02/24/2014 | [Redacted Privileged] | [blank] | Gautsch, Michael | Wortsmann, Lisa; Johnson, Jeffrey | [blank] | Corbin, Johanna |
| 1890 | [blank] | AC; WP; CI | Email chain requesting legal advice; providing legal advice; made in connection with or anticipation of litigation regarding competition from other products. | 06/26/2014 | RE: Androgel Slide | [blank] | Corbin, Johanna* | Gautsch, Michael | [blank] | Chiss, Adam; Nenow, Lydia; Taylor, Darrell |

A party withholding information on the ground of work product protection must expressly state the claim and describe the documents or communications withheld in a manner that enables other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A). Without identifying the specific litigation context, it is impossible to assess the AbbVie Defendants' work product claims. Accordingly, the FTC requests that the AbbVie Defendants identify the relevant litigation context for the documents redacted on the basis of work product protection.

### f.  Failure to substantiate common interest claim

Some documents are withheld in part on the basis of a claim of common interest. However, for documents that are completely withheld, it is sometimes unclear which third party the document was shared with which makes it impossible for the FTC to assess whether a common legal interest exists which would substantiate the claim, such as in the examples below. This problem is exacerbated by the fact that AbbVie Defendants have not provided a list of the

Stuart Senator
May 17, 2016
Page 9

names identified on the privilege log and what entities they are associated with. (*See also* App. A
§ II.F.)

| | Begin Bates | Priv Type | Description | Date | Title | Author | Sender | Recipients | CC/ BCC | Other Attorney |
|---|---|---|---|---|---|---|---|---|---|---|
| 1405 | [blank] | AC; CI | Email chain requesting legal advice; providing legal advice regarding competition from other products. | 08/15/2013 | RE: Attorney Client Privilege - ATTORNEY WORK PRODUCT | [blank] | Taylor, Darrell* | Sanders, Cathrine; Sarvaiya, Virai; Jaeger, Farank | [blank] | [blank] |
| 1526 | [blank] | AC; CI | Email chain requesting legal advice regarding competition from other products. | 11/12/2013 | FW: CI Initiative: Impact of generic entrants | [blank] | Gautsch, Michael | Pablo A Hernandez | [blank] | Taylor, Darrell |

The FTC requests that the AbbVie Defendants identify the relevant third party for entries
claiming a common interest and provide any additional information required to substantiate a
common legal interest between the AbbVie Defendants and the relevant third party or produce
unredacted copies of documents falling into this category.

\*       \*       \*       \*

During last Thursday's call, the FTC proposed revisions to the case management order
that included a schedule for meeting and conferring on these challenges to the AbbVie
Defendants' privilege logs and presenting any unresolved issues to the Court. We have yet to
hear from you in response to the FTC's proposal. Please let us know by close of business
tomorrow whether the AbbVie Defendants consent to the FTC's proposal.  If you do not consent,
please let us know by what date you will respond to this letter. Given the number of currently
outstanding issues, we intend to file a request to modify the case management order with the
Court by the end of this week.

Sincerely,

*/s/ Patricia McDermott*

Patricia M. McDermott

**Appendix A**

I.      **Business-related documents and communications**

| Category | Privilege Log Document |
|---|---|
| **A. Ordinary course business documents** | 884-85, 887-92, 894-95, 901-04, 906-15, 921, 923, 927, 932-33, 938, 941-42, 947-50, 955-59, 972-76, 979-80, 983-84, 989-94, 1001-02, 1004-07, 1009-10, 1018, 1020, 1023-38, 1039-40, 1042-47, 1049-55, 1057, 1060, 1066,1071-73, 1079-81, 1083-93, 1095-97, 1104, 1119-21, 1122, 1125, 1127-32, 1134-41, 1146, 1148, 1152-59, 1161-62, 1166, 1168-77, 1183-87, 1189-91, 1195-1205, 1241, 1243, 1245, 1255, 1258, 1259-61, 1263-64, 1273-75, 1279, 1309-19, 1321, 1324-31, 1351, 1353-54, 1371-73, 1376-78, 1380, 1382, 1394, 1406, 1424-26, 1429-30, 1434, 1440-41, 1444-45, 1449-50, 1452, 1464, 1474-75, 1482, 1486-87, 1494-96, 1511-13, 1530-31, 1537, 1539, 1548, 1550, 1560, 1562-63, 1565-66, 1573-75, 1583, 1588, 1591, 1593-98, 1600-01, 1612-14, 1641, 1644-47, 1650, 1653, 1655-56, 1676-78, 1685-88, 1701, 1712, 1722, 1732-33, 1739, 1751-53, 1770, 1772, 1776, 1780, 1786-92, 1794, 1809, 1824, 1833, 1837, 1847-48, 1865, 1872, 1874-76, 1933, 1958-61, 1963, 1981-82, 1987, 1995, 1997, 2016-19, 2021-22, 2026-30, 2033, 2042-46, 2053, 2078, 2085, 2090, 2092, 2103-04, 2110, 2113, 2118-19, 2133, 2137, 2139, 2141-42, 2146, 2155, 2170, 2249, 2284, 2286-90, 2337-38, 2342-44, 2349, 2355, 2357, 2375, 2378, 2403, 2407 |
| **B. Business and regulatory-related communications** | 886, 893, 896-99, 924, 934-35, 939-40, 946, 953-54, 985-87, 1003, 1008, 1058-59, 1075, 1077-78, 1094, 1099, 1105-18, 1142-43, 1145, 1147, 1164, 1178-80, 1212-14, 1234, 1249, 1262, 1265, 1343, 1345, 1364, 1379, 1381, 1390-91, 1395, 1412, 1427-28, 1431, 1433, 1435, 1437, 1442-43, 1446-47, 1451, 1454-63, 1466-73, 1476-80, 1485, 1492-93, 1498-1505, 1508-10, 1514-16, 1518-19, 1523-29, 1533-36, 1538, 1540-41, 1543-47, 1549, 1551, 1553-57, 1559, 1564, 1567-72, 1577-79, 1581-82, 1584-85, 1587, 1589-90, 1592, 1599, 1602-04, 1609-11, 1615-21, 1623-40, 1642-43, 1648-49, 1651-52, 1654, 1657-73, 1675, 1679-84, 1689-90, 1692-97, 1699-1700, 1702-10, 1713-21, 1723-31, 1735, 1737-38, 1740, 1745-46, 1749-50, 1760-63, 1773, 1775, 1785, 1813-14, 1823, 1832, 1835-36, 1845, 1850-51, 1854, 1857-60, 1868, 1899, 1907-09, 1923-24, 1926, 1929, 1931, 1937-41, 1948-55, 1957, 1962, 1968, 1970-73, 1975, 1979-80, 1983-86, 1988, 1991-94, 1998-2008, 2010-15, 2020, 2031, 2034, 2048-49, 2054-55, 2057, 2076-77, 2079-81, 2083-84, 2086, 2089, 2091, 2094-95, 2097, 2100-02, 2111-12, 2115, 2117, 2120-22, 2129-30, 2132, 2134-36, 2138, 2140, 2143-45, 2151, 2156, 2158-60, 2163, 2168-69, 2171, 2174-79, 2181-87, 2195-97, 2211-16, 2218, 2220-30, 2236, 2238-48, 2250-51, 2257-60, 2274, 2335-36, 2371-73, 2385-89 |

II.  **Unsubstantiated attorney-client or work product claims**

| Category | Privilege Log Document |
|---|---|
| **A. No specific lawyer identified** | 885, 891-93, 895, 904, 909, 921,1187, 1204, 1226-27, 1243, 1281, 1301, 1345, 1356, 1386, 1498-99, 2408 |
| **B. Incidental or unclear lawyer involvement** | 888-89, 901, 923, 927, 935, 939, 941-2, 949-50, 953-59, 972-76, 982, 984, 987, 1001, 1006, 1009-10, 1018, 1020-40, 1042-44, 1046-47, 1057, 1059-60, 1071-73, 1077, 1079-81, 1083-96, 1099, 1104, 1119-22, 1125, 1128, 1134-41, 1143, 1145-48, 1152-59, 1161-64, 1166-80, 1183-86, 1189-91, 1195-1205, 1212, 1234, 1242, 1245, 1249, 1258-61, 1265, 1273-75, 1279, 1302, 1310, 1343, 1353-54, 1364, 1369, 1371-73, 1379, 1381, 1386-87, 1390-91, 1395-97, 1402-03, 1407-09, 1417, 1420, 1425-28, 1433, 1440-42, 1454, 1463, 1474-75, 1479-80, 1487, 1492, 1494-96, 1508-11, 1513, 1515-16, 1526-27, 1530-31, 1533-40, 1543-44, 1546, 1557, 1559, 1563-68, 1572-79, 1581-85, 1587-88, 1590-92, 1594-98, 1601, 1603, 1609, 1612-21, 1623-30, 1635, 1639-41, 1651-53, 1658-60, 1666, 1671, 1676-79, 1683, 1685-90, 1692-97, 1699-1703, 1706-10, 1712, 1721, 1725, 1727-32, 1745-46, 1753, 1760, 1770, 1772-73, 1813-14, 1823, 1845, 1858, 1859-60, 1958, 1981-82, 1986, 1991-94, 2008, 2031, 2034, 2049, 2080, 2083, 2089, 2145-46, 2155, 2177-78, 2308, 2337-38, 2342-43, 2355, 2375 |
| **C. No authors/recipients identified** | 1235, 1261, 1298, 1356, 1358, 1374, 2403 |
| **D. Impermissibly vague description of document or subject matter** | 899, 920, 1058, 1075, 1105-18, 1227-28, 1867, 1890, 1920, 1923, 1926, 1928, 1930, 1932, 1936, 2082 |
| **E. No litigation or potential adversary identified** | 1374, 1771, 1890, 1928, 1932, 1936, 1970-72, 1979-80, 2007, 2017, 2019, 2082, 2292, 2380 |
| **F. Unsubstantiated common interest claim** | 1058, 1075, 1405, 1526, 1528, 2002, 2090, 2093 |

## Appendix B

**I.      Business-related documents and communications**

| Category | Privilege Log Document |
|---|---|
| **A.  Ordinary course business documents** | ABBVIE-AGEL03149318, ABBVIE-AGEL03151113, ABBVIE-AGEL03151186, ABBVIE-AGEL03153594, ABBVIE-AGEL03154943, ABBVIE-AGEL03154956, ABBVIE-AGEL03213625, ABBVIE-AGEL03216258, ABBVIE-AGEL03213842 |
| **B.  Business and regulatory-related communications** | ABBVIE-AGEL03153029, ABBVIE-AGEL03153591, ABBVIE-AGEL03154151, ABBVIE-AGEL03154427, ABBVIE-AGEL03156033, ABBVIE-AGEL03161197, ABBVIE-AGEL03138978, ABBVIE-AGEL03213843, ABBVIE-AGEL03217004, ABBVIE-AGEL03153037 |

# Exhibit 4

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON*
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
DENNIS P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. M°DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN LINSLEY MYLES
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
KEVIN S. MASUDA
PETER A. DETRE
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART

SUSAN E. NASH
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
ADAM I. KAPLAN
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
KATHERINE HUI
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
MANUEL F. CACHÁN
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
KIMBERLY A. CHI
ADAM R. LAWTON
AARON SEIJI LOWENSTEIN
MATTHEW A. MACDONALD
MARGARET G. MARASCHINO
BENJAMIN J. MARO
JOEL M. PURLES
KYLE A. CASAZZA
JESLYN A. EVERITT
MARK R. YOHALEM
JEREMY A. LAWRENCE
BENJAMIN F. FRIEDMAN
CHRISTOPHER M. LYNCH
RAY S. SEILIE
ADAM I. KAPLAN
AMELIA L.B. SARGENT
KENNETH H. TRUJILLO-JAMISON
BRYAN H. HECKENLIVELY
LAURA WIRTH

JASMINE M. ROBERTS
LAURA K. LIN
JEFFREY M. OSBORNE
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
JESSE MAX CREED
JOHN M. GILDERSLEEVE
ERIC K. CHIU
SARAH L. GRAHAM
JESSICA BARCLAY-STROBEL
ZACHARY M. BRIERS
JENNIFER M. BRODER
SAMUEL T. GREENBERG
CAROLINE M. CUNNINGHAM
EMILY B. VIGLIETTA
KEVIN L. BRADY
EMILY R.D. MURPHY
ELLEN MEDLIN RICHMOND
JORDAN D. SEGALL
WESLEY T.L. BURRELL
CHRISTA L. CULVER
KAREN A. LORANG
KURUVILLA J. OLASA
KEVIN M. SCOTT
JUSTIN P. RAPHAEL
HANNAH E. SHEARER
CRAIG A. LAVOIE
ROBERT W. GRAY, JR.
THOMAS P. CLANCY
JOSHUA PATASHNIK
ERIC C. TUNG
GUHA KRISHNAMURTHI
JOSHUA S. MELTZER
SARA E. CROLL
ANDREW C. PROUT
THANE REHN
ADAM B. WEISS
ROSS LEDA EHLER
AMY L. GREYWITT
NASSIM NAZEMI
CATHLEEN H. HARTGE
JOON S. HUR
MARIA JHAI
ADAM P. BARRY
JENNIFER L. BRYANT
JUSTIN T. HELLMAN
ANDREW CATH RUBENSTEIN
RIO PIERCE
JEFFREY A. PAYNE

VARUN BEHL
HANNAH L. DUBINA
ADAM GOTTESFELD
NICHOLAS D. FRAM
JOSHUA L. BENESH
JOHN F. MULLER
BRIONNA N. NED
LAURA C. ZARAGOZA
JOHN C. SCHWAB
SARA N. TAYLOR
ALEXANDER D. TEREPKA
MAXIMILLIAN L. FELDMAN
SAMUEL T. BOYD
PETER E. BOOS
SETH J. FORTIN
DAVID T. RYAN
ANKUR MANDHANIA
J'ME K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ALLYSON R. BENNETT
ARIEL GREEN
ELIZABETH A. LAUGHTON
EMILY CURRAN-HUBERTY
TIMOTHY J. MOON
JORDAN X. NAVARRETTE
JOHN B. MAJOR
BRYN A. WILLIAMS
DAVID J. FEDER
LAUREN C. BARNETT
NICHOLAS R. SIDNEY
C. HUNTER HAYES
KIMBERLY D. OMENS
EMILY BUSSIGEL
BRADLEY E. MARKANO

OF COUNSEL

ROBERT K. JOHNSON*
ALAN V. FRIEDMAN*
JEAN RHODES
MARK H. KIM
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER

E. LEROY TOLLES
(1922-2008)

*A PROFESSIONAL CORPORATION

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

———

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

May 31, 2016

Writer's Direct Contact
(213) 683-9124
(213) 683-5124 FAX
Joel.Purles@MTO.COM

**VIA E-MAIL**

Patricia McDermott
Federal Trade Commission
Bureau of Competition
Health Care Division
600 Pennsylvania Avenue, NW
Washington, D.C. 20580

Re:     *FTC v. AbbVie Inc., et al.*, Case No. 14-cv-5151 (E.D. Pa.)

Dear Patty:

This responds to your letters dated May 17, 2016, and May 23, 2016, regarding the FTC's disputes with certain entries on privilege logs that were produced by the AbbVie defendants ("AbbVie") in this litigation on April 29, 2016, and May 13, 2016.

Before addressing the specific entries referenced in your letters, it appears that your May 17 and May 23 letters are relying on many of the same arguments that you raised in your March 21, April 27, and April 29 letters concerning AbbVie's 2/29, 3/14, 3/21, 3/31, 4/1, and 4/8 logs. Rather than restating the explanations, arguments, and authorities contained in our April 15, May 6, and May 17 responses to those letters, we incorporate by reference the contents of those responses as they apply equally here.

We also address your request that we provide the employer/affiliation and position for certain persons identified in your May 17 letter. Although this information is

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 2

generally available through LinkedIn and other public sources, the information requested for
each person is below:

- <u>Meghan Coy</u>—Administrative Assistant, Synthroid & Creon Team /Promotional
  Marketing Operations, at AbbVie
- <u>Linda Friedlieb</u>—Intellectual Property Litigation Counsel at AbbVie
- <u>Libby Holman</u>—Senior Manager, Public Affairs, at AbbVie
- <u>Michelle Krueger</u>—Executive Assistant, Supply Chain and Drug Devices, at AbbVie
- <u>Nancy Parsons</u>—Consultant at CDR Assessment Group, Inc. (retained by AbbVie)
- <u>Gregory Ringenberg</u>—Manager, Regulatory Affairs, at AbbVie
- <u>Kenneth Zhang</u>—Senior Analyst at ICON plc (retained by AbbVie)
- <u>US-LC-AP04A-4-A-N</u>—Conference room

## I.     Documents Inadvertently Logged or Subject to Logging Exclusions

         After further review, we have determined that the 4/29 and 5/13 logs included
twenty-five documents where the portions withheld were not responsive to the FTC's document
requests.  Those portions concern Solvay's or AbbVie's potential in-licensing or development of
an oral testosterone undecanoate product,[1] pharmaceutical products other than AndroGel,[2] or
issues stemming from the acquisition and integration of Solvay into Abbott that are unrelated to
AndroGel.[3]  Pursuant to our agreement that AbbVie need not log documents where the withheld
materials are non-responsive and irrelevant to this case, those twenty-five document entries
should be struck from the 4/29 and 5/13 logs.  For an additional twenty-one documents
challenged from the 4/29 log, we believe it is appropriate to remove redactions from certain
portions of those documents, which we are doing.  The remaining redacted portions of those
documents are once again not responsive to the FTC's requests, as they relate entirely to the in-
licensing or development of an oral testosterone undecanoate product or AbbVie products other
than AndroGel.[4]  Because these twenty-one document entries are now subject to the same
logging exclusion, they should also be struck from the 4/29 log.  Another twelve documents
consist of privileged communications between AbbVie employees and AbbVie's in-house
counsel prepared in connection with the Georgia antitrust litigation and thus are subject to

---

[1] Nos. 886, 895-898, 1119-1121, 1125, 1127, 1129-1132.

[2] Nos. 985, 1235, 1959-1961, 1963, 2155.

[3] Nos. 955, 1066, 1104, 2414.

[4] Nos. 887, 906-908, 910-915, 956-959, 1226-1228, 1243, 1301, 2044-2045.

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 3

agreed-upon logging exclusions.[5]  Those document entries should also be struck from the log. Exhibit A identifies these documents.

## II.    Supposed Business-Related Documents and Communications

### A.    Alleged "ordinary course business documents"

As with your prior letters, the FTC challenges a large group of documents as "appear[ing] to be ordinary course commercial materials prepared by business personnel for business purposes," for the same reasons stated in your prior letters  (FTC Letter, Section A.) We adopt and incorporate by reference our responses to this category of documents from our April 15 and May 17 response letters, and the arguments and authorities set forth therein.

Following review, we agree that some of the identified documents are not privileged, and AbbVie is producing those documents.  The remaining documents that you have challenged constitute, *inter alia*, documents prepared or compiled by or at the request of Abbott or Solvay counsel in order to provide full and accurate legal advice and which reflect legal advice;[6] presentations, emails, or other documents reflecting and memorializing legal advice from AbbVie or Solvay in-house or outside attorneys to employees;[7] and draft documents sent between AbbVie or Solvay employees and attorneys for the purpose of seeking or providing legal advice concerning the contents of those documents.[8]  As such, these materials reflect privileged communications and/or work product and were properly withheld or redacted.  For a handful of documents identified in this category, it appears that withheld documents can be produced in redacted form or certain redactions can be removed from redacted documents, which we are doing.  Furthermore, although the current privilege log entries largely appear sufficient, we are supplementing the entries for documents that continue to be withheld or contain redactions in an effort to resolve this dispute.  A list identifying the treatment for each of the documents referenced in Section A of your letter is provided in Exhibit A.

### B.    Supposed business and regulatory-related communications

As with your prior letters, the FTC again asserts that a large number of email communications listed on the 4/29 and 5/13 logs are "business-related email exchanges that do not appear to have the purpose of transmitting or seeking legal advice."  (FTC Letter, Section B.)

---

[5] Nos. 1105-12, 1115-18.

[6] *E.g.*, 884, 888-90, 1425-26, 1511-13, 1792, 1824, 1848, 1875, 2030, 2042, 2170.

[7] *E.g.*, Nos. 894, 902-03, 950, 979-80, 983, 1004-05, 1007, 1353-54, 2411, 2440.

[8] *E.g.*, Nos. 938, 1274, 1406, 1424, 1429-30, 1434, 1794, 1809, 1933, 1958, 2460, 2462, 2464.

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 4

Once again, we adopt and incorporate fully by reference our responses to this category of documents from our April 15 and May 17 response letters, and the arguments and authorities set forth therein.

After further review, we agree that some documents identified by the FTC are not privileged and are being produced.  With respect to the other documents identified by the FTC, we do not agree that the withheld communications or redacted portions of those communications are "for the purpose of business rather than legal concerns."  Rather, the withheld portions constitute, memorialize, or reflect confidential communications between Solvay or AbbVie employees and Solvay or AbbVie legal counsel, including communications involving outside counsel Hogan Lovells (formerly Hogan & Hartson)[9] and Mayer Brown,[10] and in-house attorneys Shannon Klinger,[11] Matthew Owens,[12] Peter Edwards,[13] David Fishman,[14] Andrew Cohen,[15] Hubert Allen,[16] Johanna Corbin,[17] Perry Siatis,[18] Pearson Bownas,[19] Neal Parker,[20] Adam Chiss,[21] Nancy Kim,[22] Linda Friedlieb,[23] Timothy Boarini,[24] Steve Gersten,[25] Darrell Taylor,[26] Sulaiman Qazi,[27] Sanjay Narayan,[28] Erik Axelson,[29] and Greg Steele,[30] within the

---

[9] *E.g.*, Nos. 924, 1142, 1364.

[10] *E.g.*, Nos. 1078, 1164.

[11] *E.g.*, Nos. 899, 924, 1058.

[12] *E.g.*, No. 2502.

[13] *E.g.*, Nos. 986-87.

[14] *E.g.*, Nos. 939, 2418, 2424, 2435-37, 2458-59, 2463.

[15] *E.g.*, Nos. 939-40, 2443, 2448, 2458-59, 2463.

[16] *E.g.*, Nos. 2435, 2444, 2458-59.

[17] *E.g.*, Nos. 1345, 1604, 1749-50, 1761, 1832, 1835-36, 1998-2005.

[18] *E.g.*, Nos. 946, 1003, 1008, 1099, 1970-72, 2010-12, 2412, 2454.

[19] *E.g.*, Nos. 1435, 1442-43, 1446-47, 1501-02, 1569-71, 1631-34.

[20] *E.g.*, Nos. 1523, 1706-07, 1854, 1857-58, 1940-41, 1983-85.

[21] *E.g.*, Nos. 1428, 2013-15, 2101-02, 2120, 2122, 2230, 2386-87.

[22] *E.g.*, Nos. 1740, 1868, 1968.

[23] *E.g.*, Nos. 2014-15, 2101-02, 2117, 2120, 2122, 2230.

[24] *E.g.*, Nos. 1456-57, 2151, 2158-60.

[25] *E.g.*, Nos. 1145, 1147, 1179-80, 1212, 2488, 2503.

[26] *E.g.*, Nos. 1395, 1412, 1433, 1435, 1525-26.

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 5

scope of the attorney-client privilege and/or work-product protections.  In addition to the privilege log entry descriptions for these documents, the protected nature of the withheld documents or redacted portions is also often supported by the subject lines and the non-redacted portions of the communications, which further demonstrate that the withheld materials are or reflect communications with counsel on topics of the sort on which attorneys commonly provide legal advice.

It appears to us that some of the portions in certain of the withheld or redacted communications are not privileged and can be produced, and AbbVie is doing that.  Furthermore, while the 4/29 and 5/13 logs are adequate, we are supplementing the challenged entries in an effort to resolve the FTC's concerns.  For some of the documents on the updated privilege log, further review has shown that they were prepared either in connection with or anticipation of AndroGel 1.62% patent infringement litigation,[31] AndroGel products liability litigation,[32] potential litigation with Perrigo,[33] potential litigation with Upsher-Smith,[34] potential antitrust proceedings concerning a potential acquisition,[35] or in anticipation of adversarial proceedings before the FDA,[36] and the supplemented privilege log entries also reflect this.  A list providing the treatment for each of the documents referenced in Section B of your letter is in Exhibit A.

## III.   Allegedly Unsubstantiated Privilege Claims

### A.   Supposed failure to identify specific lawyers

As in your prior letters, the FTC challenges certain log entries from the 4/29 log on the basis that they do not identify a specific attorney by name.  (FTC Letter, Section C.a.)  We incorporate fully by reference our responses to this category of documents from our April 15 and May 17 response letters, and the arguments and authorities set forth therein.

---

[27] *E.g.*, Nos. 1610-11, 1615-16, 1619-21.

[28] *E.g.*, Nos. 2091, 2129-30, 2132, 2134-36, 2171, 2174-75, 2196-97.

[29] *E.g.*, No. 1427.

[30] *E.g.*, Nos. 1213-14.

[31] *E.g.*, Nos. 1428, 2013-15, 2101-02, 2230.

[32] *E.g.*, No. 1968.

[33] *E.g.*, Nos. 899, 920, 1998-2005.

[34] *E.g.*, Nos. 1899, 1923, 1926, 1938, 1940-41, 1948-54, 1957.

[35] *E.g.*, No. 1427.

[36] *E.g.*, Nos. 1145, 1147, 1179-80, 1212.

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 6

We agree that some of the documents identified in this category are not privileged and are being produced.  For the remaining documents, although identification of the name of an attorney is not always necessary to "enable other parties to assess the claim" of privilege, Fed. R. Civ. P. 26(b)(5)(A), we are nevertheless supplementing those privilege log entries in an attempt to resolve this dispute.  Some of the redacted portions in certain of those documents are also not privileged and are being produced.  A list providing the treatment for the documents identified in Section C.a of your letter is provided in Exhibit A.

**B.      Communications in which a lawyer's involvement is allegedly incidental or unclear**

As with your prior letters, the FTC has challenged a large number of documents from the 4/29 log because they allegedly do not include an attorney or the lawyer's involvement allegedly appears incidental or unclear.  (FTC Letter, Section D.b.)  Once again, we incorporate fully by reference our responses to this category of documents from our April 15, May 6, and May 17 response letters, and the arguments and authorities set forth therein.

Following review, AbbVie agrees that certain of these documents are not privileged and are being produced.  The remainder of the documents identified in this category were properly withheld or redacted because they constitute or contain privileged and protected attorney-client communications and/or work product.  It appears to us that some of the portions in certain of the withheld or redacted communications are not privileged and can be produced, and AbbVie is doing that.  Also, although the identified log entries for those documents are generally sufficient to assess AbbVie's claims of privilege or work product protection, we are supplementing those entries in an attempt to resolve your concerns.  A list providing the treatment for each of the documents in section C.b is provided in Exhibit A.

**C.      Alleged failure to identify the author and/or recipient of withheld documents**

The FTC asserts that seven entries from the 4/29 log are inadequate because AbbVie has "failed to identify the author, sender, and/or recipient" of those seven documents.  Upon further review, some of those documents are not privileged and are being produced.  For the remaining two documents, we disagree with your assertion that without that information AbbVie has not satisfied its burden of establishing that these documents are privileged or otherwise protected from disclosure.  The author, sender, and recipients of a document are not always necessary to "enable" the FTC "to assess the claim" of privilege, and you have not provided any authority supporting your assertion that these specific document entries are somehow insufficient.  Furthermore, these documents are standalone presentations that were gathered from AbbVie custodial computer files, and thus do not have "senders" or "recipients."  Nonetheless, to try to resolve the FTC's concerns, we are supplementing the log entries for these two documents to identify the author of the presentations.  A list providing the treatment for the documents identified in Section C.c is provided in Exhibit A.

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 7

### D.  **Supposedly impermissibly vague subject matter descriptions**

As with your March 21 letter, the FTC asserts that a handful of entries are inadequate because the subject matter descriptions are vague.  We incorporate fully by reference our response to this category of documents from our April 15 letter, and the arguments and authorities set forth therein.  For the same reasons as set forth in that letter, we disagree with your assertion here that the challenged subject matter descriptions are too vague.  Nonetheless, in order to resolve this dispute, we are supplementing the subject matter descriptions for each of the identified documents.  Also, some of the documents in this category can be produced in redacted form, and AbbVie is doing that.  A list providing the treatment for the documents identified in Section C.d is provided in Exhibit A.

### E.  **Identification of relevant litigation**

As with all of your prior letters, the FTC asserts that a handful of entries for documents to which work product applies are inadequate because they fail to identify the specific litigation with respect to which the documents were prepared.  (FTC Letter, Section D.c.)  Once again, we incorporate fully by reference our responses to this category of documents from our April 15, May 6, and May 17 response letters, and the arguments and authorities set forth therein.

Upon further review, certain of these documents are not privileged or work product and are being produced.  We have also removed the work product designations with respect to three documents, but please note that the attorney-client privilege still covers these documents.[37]  The remaining documents are properly logged as work product, and to try to resolve the FTC's concerns we are supplementing the log entries for those documents.  Some of the withheld documents in this category can be produced in redacted form, and AbbVie is doing that.  Once again, a list providing the treatment for the documents identified in Section C.e is provided in Exhibit A.

### F.  **Allegedly unsubstantiated common interest claims**

The FTC asserts that eight entries for documents withheld in part on the basis of common interest are inadequate because the entries fail to identify the relevant third party or substantiate the common legal interest between AbbVie and the third party.  After further review, it appears that the common interest designation was inadvertently applied to six documents, for those documents were not shared with any third party.  We have removed the common interest designation from those six entries, which are still protected from disclosure by the attorney-client privilege and/or work product doctrine.[38]

---

[37] *See* Nos. 1374, 1771, 1890.

[38] *See* Nos. 1405, 1526, 1528, 2002, 2090, 2093.

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 8

The common interest doctrine applies to the remaining two documents, which are emails exchanged between counsel for Abbott and counsel for Solvay in December 2009 concerning potential infringement by generic applicants and the Auxilium citizen petition.  As the Court has already recognized, at that time Solvay and Abbott shared a common interest in legal issues related to AndroGel and other Solvay products.  Dkt. 145 at 34-35.  As with the documents which the Court previously considered, the documents identified here "were made 'to obtain informed legal advice which might not have been made absent the privilege.'"  *Id.* at 35 (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)).  Accordingly, they are privileged and protected by the common interest doctrine and will not be produced.  In an effort to resolve your concerns, we are supplementing the log entries for the documents identified in this category.  A list providing the treatment for the documents identified in Section D.f is provided in Exhibit A.

## IV.   Documents Inadvertently Produced Without Sufficient Redactions

In the process of reviewing the documents identified in your letter, we identified a small number of documents that contain privileged information and that were inadvertently produced without sufficient redactions.  Pursuant to section 11(a) of the protective order, please return to us or destroy any printed copies and destroy all electronic copies of the eight documents bearing the following production numbers:

- AGEL-PA-006-0487537 through AGEL-PA-006-0487545 (Log No. 1708)
- AGEL-PA-006-0533458 through AGEL-PA-006-0533470 (Log No. 1721)
- AGEL-PA-006-0533576 through AGEL-PA-006-0533588 (Log No. 1727)
- AGEL-PA-006-0533589 through AGEL-PA-006-0533601 (Log No. 1728)
- AGEL-PA-006-0533602 through AGEL-PA-006-0533614 (Log No. 1729)
- AGEL-PA-006-0533615 through AGEL-PA-006-0533626 (Log No. 1730)
- AGEL-PA-006-0533899 through AGEL-PA-006-0533908 (Log No. 1731)
- AGEL-PA-006-0533928 through AGEL-PA-006-0533939 (Log No. 2236)

Please confirm to us in writing within three business days that you have returned or destroyed all copies of these documents.  We are producing correctly redacted versions of these documents with the other documents identified as being produced in Exhibit A.  Updated privilege log entries for these documents will also be included in the supplemental privilege log being produced concurrently herewith.

## V.    Violation of the Court's Order Requiring Coordination of Discovery and Avoidance of Duplicative Discovery with *Actavis*

In addition to challenging documents from the 4/29 and 5/13 logs, the FTC purports to challenge certain documents produced in *FTC v. Actavis, Inc.*, 09-cv-955 (N.D. Ga.), and deemed produced in this case.  Pursuant to the scheduling order, the FTC is required to

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 9

"make every effort to coordinate discovery" with the Georgia case and to "avoid duplicative discovery."  Dkt. 143 at 3.  The FTC's attempt to challenge those documents here rather than in the Northern District of Georgia, where the documents were initially produced and where the FTC as a party to the litigation has already had a full and fair opportunity to challenge privilege designations, violates that order.  Any dispute that the FTC may have with the scope of discovery in the Georgia case (whether about privilege logs, search parameters, custodians, redactions, or any other discovery-related issue originating in that case) should be addressed in that case.  Subjecting AbbVie or its affiliates to the possibility of duplicative disputes regarding the same documents in two different venues against the same opponent is unreasonable and is contrary to the Court's order.  If the FTC wishes to avoid coordinating discovery and to engage in duplicative discovery notwithstanding the scheduling order, it must apply to the Court for permission to do so.

*   *   *

We would be happy to speak with you about any of the issues raised in your letter or this response.  We also reserve the right to modify, supplement, or correct the entries from the relevant privilege logs based on further information and analysis.  In the event that any of the documents now being produced presents any privileged or protected information, please be advised that this is inadvertent.  AbbVie continues to assert and does not waive any applicable privilege or protection from disclosure, including without limitation the attorney-client privilege and the work product doctrine.

Very truly yours,

*/s/ Joel M. Purles*

Joel M. Purles

Enclosures

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 10

## Exhibit A

## Documents to Strike from 4/29 and 5/13 Logs

| Treatment | Document Identifier |
|---|---|
| N/A | 886, 887, 895-98, 906-08, 910-15, 955-59, 985, 1066, 1104-12, 1115-21, 1125, 1127, 1129-32, 1226-28, 1235, 1243, 1301, 1959-61, 1963, 2044-45, 2155, 2414 |

## Alleged "ordinary course business-related documents"

| Treatment | Document Identifier |
|---|---|
| Supplemental log entry provided | 884, 888-90, 894, 902-03, 921, 927, 932-33, 938, 941-42, 947, 950, 979-80, 983, 1004-05, 1007, 1097, 1259-61, 1263-64, 1274, 1309-19, 1321, 1324-31, 1351, 1394, 1406, 1424-26, 1429-30, 1434, 1440-41, 1444-45, 1449-50, 1452, 1482, 1486-87, 1494-95, 1511-13, 1530-31, 1537, 1539, 1548, 1550, 1560, 1562-63, 1565-66, 1573-75, 1593-95, 1600-01, 1641, 1644-47, 1650, 1653, 1655-56, 1685-88, 1701, 1732, 1770, 1792, 1794, 1809, 1824, 1848, 1865, 1872, 1875-76, 1933, 1958, 2030, 2042, 2090, 2118-19, 2133, 2137, 2139, 2146, 2170, 2337, 2411, 2439-40, 2445, 2449-50, 2455, 2460, 2462, 2464, 2475 |
| Lesser-redacted document produced and supplemental log entry provided | 1071-73, 1134, 1140-41, 1187, 1353-54, 1371-73, 1376-78, 1380, 1382, 1588, 1739, 2103-04, 2357 |
| Document produced | 885, 891-92, 901, 904, 909, 923, 948-49, 972-76, 984, 989-94, 1001-02, 1006, 1009-10, 1018, 1020, 1023-40, 1042-47, 1049-55, 1057, 1060, 1079-81, 1083-93, 1095-96, 1122, 1128, 1135-39, 1146, 1148, 1152-59, 1161-62, 1166, 1168-77, 1183-86, 1189-91, 1195-1205, 1241, 1245, 1255, 1258, 1273, 1275, 1279, 1464, 1474-75, 1496, 1583, 1591, 1596-98, 1612-14, 1676-78, 1712, 1722, 1733, 1751-53, 1772, 1776, 17801786-91, 1833, 1837, 1847, 1874, 1981-82, 1987, 1995, 1997, 2016-19, 2021-22, 2026-29, 2033, 2043, 2046, 2053, 2078, 2085, 2092, 2110, 2113, 2141-42, 2249, 2284, 2286-90, 2338, 2342-44, 2349, 2355, 2375, 2378, 2403, 2407, 2410, 2452, 2467 |

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 11

### Supposed "business and regulatory-related communications"

| Treatment | Document Identifier |
|---|---|
| Supplemental log entry provided | 899, 924, 940, 946, 986-87, 1003, 1008, 1058, 1075, 1078, 1099, 1113-14, 1142, 1145, 1147, 1164, 1212, 1364, 1395, 1427-28, 1431, 1433, 1442-43, 1446-47, 1451, 1454-63, 1466-73, 1476-80, 1485, 1492-93, 1500-05, 1508-10, 1514-16, 1525-29, 1533-36, 1538, 1540-41, 1545, 1547, 1549, 1551, 1553-56, 1559, 1564, 1567-71, 1577-79, 1589, 1599, 1602, 1604,1642-43, 1657, 1682, 1693, 1697, 1735, 1737, 1761-63, 1868, 1899, 1962, 1968, 1970-71, 1973, 1975, 1983, 1988, 1998-2000, 2003, 2008, 2013-15, 2031, 2034, 2055, 2057, 2080, 2089, 2091, 2094-95, 2097, 2101-02, 2115, 2117, 2120, 2122, 2130, 2144, 2156, 2214, 2221, 2224, 2230, 2386, 2389, 2412, 2418, 2424, 2435-37, 2443-44, 2448, 2454, 2458-59, 2463, 2473-74, 2488-89 |
| Lesser-redacted document produced and supplemental log entry provided | 939, 1059, 1178-80, 1213-14, 1234, 1345, 1412, 1435, 1437, 1523, 1543-44, 1546, 1557, 1572, 1581-82, 1592, 1610-11, 1615-16, 1619-21, 1623-25, 1627-28, 1631-34, 1636-38, 1654, 1658, 1661-63, 1667-68, 1673, 1675, 1680-81, 1684, 1699-1700, 1702-09, 1713-19, 1721, 1724-31, 1740, 1749-50, 1773, 1775, 1813-14, 1832, 1835-36, 1850-51, 1854, 1857-58, 1923, 1926, 1938, 1940-41, 1948-54, 1957, 1972, 1979-80, 1984-85, 2001-02, 2004-05, 2007, 2010-12, 2129, 2132, 2134-36, 2138, 2140, 2143, 2145, 2151, 2158-60, 2169, 2171, 2174-75, 2179, 2182, 2184, 2196-97, 2211-13, 2215-16, 2226-27, 2236, 2240, 2247-48, 2250-51, 2274, 2371-73, 2387, 2465, 2502-03 |
| Document produced | 893, 934-35, 953-54, 1077, 1094, 1143, 1249, 1262, 1265, 1343, 1379, 1381, 1390-91, 1498-99, 1518-19, 1524, 1584-85, 1587, 1590, 1603, 1609, 1617-18, 1626, 1629-30, 1635, 1639-40, 1648-49, 1651-52, 1659-60, 1664-66, 1669-72, 1679, 1683, 1689-90, 1692, 1694-96, 1710, 1720, 1723, 1738, 1745-46, 1760, 1785, 1823, 1845, 1859-60, 1907-09, 1924, 1929, 1931, 1937, 1939, 1955, 1986, 1991-94, 2006, 2020, 2048-49, 2054, 2076-77, 2079, 2081, 2083-84, 2086, 2100, 2111-12, 2121, 2163, 2168, 2176-78, 2181, 2183, 2185-87, 2195, 2218, 2220, 2222-23, 2225, 2228-29, 2238-39, 2241-46, 2257-60, 2335-36, 2385, 2388, 2451, 2453 |

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 12

### Supposed "failure to identify specific lawyer"

| Treatment | Document Identifier |
|---|---|
| Supplemental log entry provided | 921 |
| Redacted document produced and supplemental log entry provided | 1187, 1345 |
| Document produced | 885, 891-93, 904, 909, 1204, 1281, 1356, 1386, 1498-99, 2408 |

### Supposedly "incidental or unclear lawyer involvement"

| Treatment | Document Identifier |
|---|---|
| Supplemental log entry provided | 888-89, 927, 941-42, 950, 982, 987, 1099, 1145, 1147, 1163-64, 1212, 1242, 1259-61, 1274, 1302, 1310, 1364, 1369, 1395-97, 1402-03, 1408-09, 1417, 1420, 1425-28, 1433, 1440-42, 1454, 1463, 1479-80, 1487, 1492, 1494-95, 1508-11, 1513, 1515-16, 1526-27, 1530-31, 1533-40, 1559, 1563-68, 1573-79, 1594-95, 1601, 1641, 1653, 1685-88, 1693, 1697, 1701, 1732, 1770, 1958, 2008, 2031, 2034, 2080, 2089, 2146, 2337 |
| Redacted document produced and supplemental log entry provided | 939, 1059, 1071-73, 1134, 1140-41, 1167, 1178-80, 1234, 1353-54, 1371-73, 1407, 1543-44, 1546, 1557, 1572, 1581-82, 1588, 1592, 1615-16, 1619-21, 1623-25, 1627-28, 1658, 1699-1700, 1702-03, 1706-09, 1721, 1725, 1727-31, 1773, 1813-14, 1858, 2145, 2308 |
| Document produced | 901, 923, 935, 949, 953-54, 972-76, 984, 1001, 1006, 1009-10, 1018, 1020-40, 1042-44, 1046-47, 1057, 1060, 1077, 1079-81, 1083-96, 1122, 1128, 1135-39, 1143, 1146, 1148, 1152-59, 1161-62, 1166, 1168-77, 1183-86, 1189-91, 1195-1205, 1245, 1249, 1258, 1265, 1273, 1275, 1279, 1343, 1379, 1381, 1386-87, 1390-91, 1474-75, 1496, 1583-85, 1587, 1590-91, 1596-98, 1603, 1609, 1612-14, 1617-18, 1626, 1629-30, 1635, 1639-40, 1651-52, 1659-60, 1666, 1671, 1676-79, 1683, 1689-90, 1692, 1694-96, 1710, 1712, 1745-46, 1753, 1760, 1772, 1823, 1845, 1859-60, 1981-82, 1986, 1991-94, 2049, 2083, 2177-78, 2338, 2342-43, 2355, 2375 |

MUNGER, TOLLES & OLSON LLP

Patricia McDermott
May 31, 2016
Page 13

### No authors or recipients allegedly identified

| Treatment | Document Identifier |
|---|---|
| Supplemental log entry provided | 1261 |
| Redacted document produced and supplemental log entry provided | 1374 |
| Document produced | 1298, 1356, 1358, 2403 |

### Supposed "Impermissibly vague description of document or subject matter"

| Treatment | Document Identifier |
|---|---|
| Supplemental log entry provided | 899, 920, 1058, 1075, 1113-14, 1867, 1890, 2082 |
| Redacted document produced and supplemental log entry provided | 1920, 1923, 1926, 1928, 1930, 1932, 1936 |

### Allegedly inadequate work product descriptions

| Treatment | Document Identifier |
|---|---|
| Supplemental log entry provided | 1970-71, 2082, 2292, 2380 |
| Redacted document produced and supplemental log entry provided | 1928, 1932, 1936, 1972, 1979-80, 2007 |
| WP designation removed | 1374, 1771, 1890 |
| Document produced | 2017, 2019 |

### Allegedly unsubstantiated common interest claims

| Treatment | Document Identifier |
|---|---|
| Supplemental log entry provided | 1058, 1075 |
| CI designation removed | 1405, 1526, 1528, 2002, 2090, 2093 |

# Exhibit 5

## MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON*
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GEORGE P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. M°DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN A. LINSLEY
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
KEVIN S. MASUDA
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART

SUSAN E. NASH
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
TODD J. ROSEN
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
KATHERINE KU
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
KIMBERLY A. CHI
ADAM R. LAWTON
AARON SEIJI LOWENSTEIN
MATTHEW A. MACDONALD
MARGARET G. MARASCHINO
BENJAMIN J. MARO
JOEL M. PURLES
JESLYN A. EVERITT
MARK R. SAYSON
JEREMY A. LAWRENCE
BENJAMIN E. FRIEDMAN
CHRISTOPHER M. LYNCH
RAY S. SEILIE
ADAM I. KAPLAN
AMELIA L.B. SARGENT
BRYAN H. HECKENLIVELY
LAURA WIRTH

JASMINE M. ROBERTS
LAURA K. LIN
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
JESSE MAX CREED
JOHN M. GILDERSLEEVE
ERIC P. CHIU
SARAH L. GRAHAM
JESSICA BARCLAY-STROBEL
ZACHARY M. BRIERS
JENNIFER M. BRODER
SAMUEL T. GREENBERG
CAROLINE M. CUNNINGHAM
EMILY B. VIGLIETTA
KEVIN L. BRADY
EMILY R.D. MURPHY
ELLEN MEDLIN RICHMOND
JORDAN D. SEGALL
WESLEY T.L. BURRELL
CHRISTA L. CULVER
KAREN A. LORANG
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
HANNAH E. SHEARER
CRAIG A. LAVOIE
ROBERT W. GRAY, JR.
THOMAS P. CLANCY
JOSHUA PATASHNIK
ERIC C. TUNG
GUHA KRISHNAMURTHI
JOSHUA S. MELTZER
SARA E. CROLL
THANE REHN
ADAM B. WEISS
ROSE LEDA EHLER
AMY L. GREWITT
NASSIM NAZEMI
CATHLEEN H. HARTGE
JOON S. HUR
MARIA JHAI
ADAM P. BARRY
JENNIFER L. BRYANT
JUSTIN T. HELLMAN
ANDREW CATH RUBENSTEIN
RIO PIERCE
JEFFREY A. PAYNE

VARUN BEHL
HANNAH L. DUBINA
ADAM GOTTESFELD
NICHOLAS D. FRAM
JOSHUA L. BENESH
JOHN F. MULLER
BRIONNA N. NED
LAURA C. ZARAGOZA
LAURA L. SCHMALZ
SARA N. TAYLOR
ALEXANDER D. TEREPKA
MAXIMILLIAN L. FELDMAN
SAMUEL T. BOYD
PETER E. BOOS
SETH J. FORTIN
DAVID T. RYAN
ANKUR MANDHANIA
J'ME K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ALLYSON R. BENNETT
ARIEL GREEN
ELIZABETH A. LAUGHTON
EMILY CURRAN-HUBERTY
TIMOTHY J. MOON
JORDAN X. NAVARRETTE
JOHN B. MAJOR
BRYN A. WILLIAMS
DAVID J. FEDER
LAUREN C. BARNETT
NICHOLAS R. SIDNEY
C. HUNTER HAYES
KIMBERLY D. OMENS
EMILY MUSSIGILL
BRADLEY E. MARKANO
USHA C. VANCE

OF COUNSEL
ROBERT K. JOHNSON*
ALAN V. FRIEDMAN*
PETER A. DETRE
MARK H. KIM
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER

E. LEROY TOLLES
(1922-2008)

*A PROFESSIONAL CORPORATION

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

June 29, 2016

Writer's Direct Contact
(213) 683-9124
(213) 683-5124 FAX
Joel.Purles@MTO.COM

**VIA EMAIL**

Patricia M. McDermott, Esq.
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580

Re:   *FTC v. AbbVie Inc.*, No. 14-cv-5151 (E.D. Pa.)

Dear Patty:

This letter addresses issues raised in your letter dated June 17, 2016, regarding the privilege log provided on January 20, 2016 (alternatively referred to in your letter as "6/13 and 6/14 Logs").

Although the current privilege log entries are sufficient, in an attempt to avoid disputes, we are supplementing entries 4, 356, 496, 662, 968, 972-73, 1033, 1058, 1060, 2538, 2835, 2838, 2841-2842, 2849-2852, 2863, 2878, 2889-2890, 2901, 2907, 2913-2914, 2919-2922, 2926, 2932-2934, 3058, 3064, 3102, 3241, 3340-3341, 3344, 3355, 3379, 3424, 3602, 4319, 4321, 4605-4606, 5032, 6093, 6504, 6984, 6986, 8230, 8344, 8347, 8679, 8681, and 9946 concurrently.  We may also supplement additional entries tomorrow.  The supplemental privilege log entries are designated highly confidential under the protective order governing this litigation.

Furthermore, after further review we have determined that the documents identified in entries 540-541, 568, 1029, 3113, 3134, 3306-3307, 3316, 3543, 6174, 8992, 8996 and 9565 either are not responsive to the FTC's document requests in this litigation or do not contain any redacted content that is responsive to the FTC's document requests in this litigation.

MUNGER, TOLLES & OLSON LLP

Patricia M. McDermott, Esq.
June 29, 2016
Page 2

As a result, for purposes of this litigation, these entries should be stricken from the privilege log previously provided.

We are also re-reviewing the other documents for which you have contended that privilege claims are inappropriate.  We incorporate all of our prior discussions of the legal standards and their applicability here.  If and when we determine that the privilege determination with respect to any documents at issue should be changed, we will notify you and produce the material for which a privilege determination is being withdrawn.

The AbbVie Defendants reserve the right to modify, supplement, or correct the relevant privilege log entries based on further information and analysis.  In the event that any of the information now being provided presents any privileged or protected information, this is inadvertent.  The AbbVie Defendants continue to assert and do not waive any applicable privilege or protection from disclosure, including without limitation the attorney-client privilege and the work-product doctrine.

Sincerely,

/s/ *Joel M. Purles*

Joel M. Purles

cc:      All counsel (via e-mail)

31267482.1

# Exhibit 6

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON'
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
DENNIS C. BROWN
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. M'DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN A. LINSLEY
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
KEVIN S. MASUDA
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART

SUSAN E. NASH
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
TODD J. ROSEN
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
KATHERINE KU
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
KIMBERLY A. CHI
ADAM R. LAWTON
AARON SEIJI LOWENSTEIN
MATTHEW A. MACDONALD
MARGARET G. MARASCHINO
BENJAMIN J. MARO
JOEL M. PURLES
JESLYN A. EVERITT
MARK R. SAYSON
JEREMY A. LAWRENCE
BENJAMIN E. FRIEDMAN
CHRISTOPHER M. LYNCH
RAY S. SEILIE
ADAM I. KAPLAN
AMELIA L.B. SARGENT
BRYAN H. HECKENLIVELY
LAURA WIRTH

JASMINE M. ROBERTS
LAURA K. LIN
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
JESSE MAX CREED
JOHN M. GILDERSLEEVE
ERIC K. CHIU
SAM L. GRAHAM
JESSICA BARCLAY-STROBEL
ZACHARY M. BRIERS
JENNIFER M. BRODER
SAMUEL T. GREENBERG
CAROLINE M. CUNNINGHAM
EMILY B. VIGLIETTA
KEVIN L. BRADY
EMILY R.D. MURPHY
ELLEN MEDLIN RICHMOND
JORDAN D. SEGALL
WESLEY T.L. BURRELL
CHRISTA L. CULVER
KAREN A. LORANG
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
HANNAH E. SHEARER
CRAIG A. LAVOIE
ROBERT W. GRAY, JR.
THOMAS P. CLANCY
JOSHUA PATASHNIK
ERIC C. TUNG
GUHA KRISHNAMURTHI
JOSHUA S. MELTZER
SARA E. CROLL
THANE REHN
ADAM B. WEISS
ROSE LEDA EHLER
AMY L. GREYWITT
NASSIM NAZEMI
CATHLEEN H. HARTGE
JOON S. HUR
MARIA JHAI
ADAM P. BARRY
JENNIFER L. BRYANT
JUSTIN T. HELLMAN
ANDREW CATH RUBENSTEIN
RIO PIERCE
JEFFREY A. PAYNE

VARUN BEHL
HANNAH L. DUBINA
ADAM GOTTESFELD
NICHOLAS D. FRAM
JOSHUA L. BENESH
JOHN F. MULLER
BRIONNA N. NED
LAURA C. ZARAGOZA
JOHN C. SCHWAB
SARA N. TAYLOR
ALEXANDER D. TEREPKA
MAXIMILLIAN L. FELDMAN
SAMUEL T. BOYD
PETER E. BOOS
SETH J. FORTIN
DAVID T. RYAN
ANKUR MANDHANIA
J'ME K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ALLYSON R. BENNETT
ARIEL GREEN
ELIZABETH A. LAUGHTON
EMILY CURRAN-HUBERTY
TIMOTHY J. MOON
JORDAN X. NAVARRETTE
JOHN B. MAJOR
BRYN A. WILLIAMS
DAVID J. FEDER
LAUREN C. BARNETT
NICHOLAS R. SIDNEY
C. HUNTER HAYES
KIMBERLY D. OMENS
EMILY MUSSIGGL
BRADLEY E. MARKANO
USHA C. VANCE

OF COUNSEL
ROBERT K. JOHNSON'
ALAN V. FRIEDMAN'
PETER A. DETRE
MARK H. KIM
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER

E. LEROY TOLLES
(1922-2008)

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

_____

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

June 30, 2016

Writer's Direct Contact
(213) 683-9124
(213) 683-5124 FAX
Joel.Purles@MTO.COM

**VIA EMAIL**

Patricia M. McDermott, Esq.
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580

    Re:   *FTC v. AbbVie Inc.*, No. 14-cv-5151 (E.D. Pa.)

Dear Patty:

        Along with the letter we sent to you yesterday, this letter continues to address issues raised in your letter dated June 17, 2016, regarding the privilege log provided on January 20, 2016 (alternatively referred to in your letter as "6/13 and 6/14 Logs").

        Although the current privilege log entries are sufficient, in an attempt to avoid disputes, we are also supplementing entries 1321, 2174, 2814, 2949-50, 2967, 2974, 2981-2982, 2995, 4015, 4620, 8258, 8274, and 8669 concurrently.  The supplemental privilege log entries are designated highly confidential under the protective order governing this litigation.

        Furthermore, after further review we have determined that the documents identified in entries 2939-2941 do not contain any redacted content that is responsive to the FTC's document requests in this litigation.  As a result, for purposes of this litigation, these entries should be stricken from the privilege log previously provided.

        We are also re-reviewing the other documents for which you have contended that privilege claims are inappropriate.  We incorporate all of our prior discussions of the legal

MUNGER, TOLLES & OLSON LLP

Patricia M. McDermott, Esq.
June 30, 2016
Page 2

standards and their applicability here.  If and when we determine that the privilege determination with respect to any documents at issue should be changed, we will notify you and produce the material for which a privilege determination is being withdrawn.

       The AbbVie Defendants reserve the right to modify, supplement, or correct the relevant privilege log entries based on further information and analysis.  In the event that any of the information now being provided presents any privileged or protected information, this is inadvertent.  The AbbVie Defendants continue to assert and do not waive any applicable privilege or protection from disclosure, including without limitation the attorney-client privilege and the work-product doctrine.

Sincerely,

/s/ *Joel M. Purles*

Joel M. Purles

cc:    All counsel (via e-mail)

Filed Under Seal

# Exhibits 7-10