**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**FEDERAL TRADE COMMISSION,**

     **Plaintiff,**

     **v.**

**ABBVIE INC., et al.,**

     **Defendants.**

**Case Number: 2:14-CV-5151-HB**

**Public Version**

**Reply Memorandum in Support of Plaintiff Federal Trade Commission's Motions to Compel AbbVie Defendants to Produce Documents Improperly Withheld on Privilege Grounds from their Georgia and Pennsylvania Privilege Logs**

**Table of Contents**

Background ................................................................................................................. 2

Argument .................................................................................................................. 3

I.       AbbVie's privilege log appears to contain an astonishing number of improper and
         baseless claims ............................................................................................. 3

         A.       AbbVie withheld many business documents that had no colorable
                  privilege claim ................................................................................. 5

         B.       The newly produced documents demonstrate that AbbVie's log
                  descriptions are incomplete ............................................................. 6

         C.       ██████████████████████████████████ ............................. 8

II.      Preexisting business documents do not become privileged simply because they are
         sent to a lawyer for review .......................................................................... 11

III.     AbbVie's withheld forecasting documents were prepared and used for business
         purposes ....................................................................................................... 13

Conclusion ............................................................................................................... 17

## Table of Authorities

**Cases**

*Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper*, 236 F.R.D. 16 (D.D.C. 2006) ................................................................................................................ 12

*Davis v. City of N.Y.*, No. 10-cv-699, 2011 WL 1742748 (S.D.N.Y. Mar. 5, 2011) ............... 8, 11

*Fisher v. United States*, 425 U.S. 391 (1976) ............................................................ 11

*FTC v. Boehringer Ingelheim Pharms, Inc.*, 778 F.3d 142 (D.C. Cir. 2015) ............................. 17

*Gen. Elec. Co. v. Johnson*, No. 00-cv-2855, 2007 WL 433095 (D.D.C. Feb. 5, 2007) .............. 14

*Heartland Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 625809 (D. Kan. Feb. 23, 2007) ................................................................................... 11

*In re Air Crash Disaster at Sioux City, Iowa on July 19, 1989*, 133 F.R.D. 515 (N.D. Ill. 1990) ......................................................................................................... 9

*In re Teleglobe Commc'ns Corp.*, 493 F.3d 345 (3d Cir. 2007) ...................................... 11, 15, 16

*In re Teleglobe Commc'ns Corp.*, No. 02-11518, 2006 WL 2568371 (D. Del. Feb. 22, 2006) ...................................................................................... 4, 11

*In the Matter of Grand Jury Subpoena Duces Tecum Issued on June 9, 1982*, 697 F.2d 277 (2d Cir. 1983) ............................................................................... 12

*Kleiman ex rel. Kleiman v. Jay Peak, Inc.*, No. 1:10-cv-83, 2012 WL 2498872 (D. Vt. June 27, 2012) ................................................................................... 12

*Leazure v. Apria Healthcare Inc.*, No. 1:09-cv-224, 2010 WL 3397685 (E.D. Tenn. Aug. 26, 2010) ............................................................................. 11

*Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851 (3d Cir. 1994) ......................... 12

*SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508 (D. Conn. 1976) ............................................... 12

*SEPTA v. Caremarkpcs Health, L.P.*, 254 F.R.D. 253 (E.D. Pa. 2008) ................................ 12

*United States ex rel. Brennan v. Fay*, 353 F.2d 56 (2d Cir. 1965) .................................... 13

*United States v. Louisiana*, No. 11-cv-470, 2015 WL 4619561 (M.D. La. July 31, 2015) ...... 4, 11

*United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948) ................................................. 13

*Upjohn Co. v. United States*, 449 U.S. 383 (1981) ........................................................ 12

As this Court observed eight months ago, privilege is "strictly confined within the narrowest possible limits consistent with the logic of its principle."[1] The privilege protects only communications made for the primary purpose of obtaining legal—rather than business—advice.[2] It is now clear that AbbVie ignored this guidance.

*First*, after the FTC filed its motion to compel on the Georgia logs, AbbVie quickly withdrew privilege claims for an astonishing 86% of the challenged documents and produced them to the FTC. Upon review, most of these documents are plainly unprivileged. Many are substantively identical to documents this Court had already ordered produced many months ago. AbbVie even redacted—on the privilege log itself—plain vanilla business titles such as ██████ ████████████████████████  And, most troubling, newly-produced documents suggest that ███████████████████████████████████████████████████████████ ███████████████████████████████████████

*Second*, AbbVie takes an overly broad view of privilege with respect to the documents it continues to withhold. Most notably, AbbVie ignores clear Supreme Court precedent and asserts that any ordinary business document sent to an attorney for review automatically becomes privileged.

*Third*, AbbVie's assertions in support of its claims often contradict contextual and other evidence that withheld documents are not privileged. AbbVie continues to insist, for example, that its withheld AndroGel forecasting presentations were prepared solely and exclusively for in-house counsel's use. But contemporaneous documents indicate these presentations were requested by business executives for use in making business decisions.

---

[1] Dkt. 145, at 4.

[2] *Id.* at 9.

Given AbbVie's flawed overall approach to privilege, and the astounding rate of improper claims on its Georgia logs, this Court should order AbbVie to re-review the rest of the Georgia privilege entries and produce any improperly withheld documents. Further, this Court should review *in camera* the challenged documents still in dispute and order them produced.[3]

**Background**

The scope of the Court's review has changed since the FTC filed its initial privilege motions on June 30. Those two motions combined originally challenged 287 privilege log entries. After the FTC filed its motion, AbbVie withdrew many of its privilege claims and produced over 200 documents in full or in lesser-redacted form.[4] As a result, the total number of disputed documents—from both the Georgia and Pennsylvania privilege logs—is now 80.[5] Additionally, AbbVie grouped documents into different categories than the FTC for the purpose of making its legal arguments. As a result, the previous briefs do not neatly line up with one another. The FTC thus submits the following to assist the Court's review:

- The FTC's opening brief for the Georgia logs contained two proposals to reduce the Court's *in camera* sample size—privilege waiver and a sample-based review approach. (FTC GA Mem. at 6-7). In light of the manageable number of remaining challenges, these proposals are no longer necessary. The FTC instead requests that the Court review all of the disputed documents *in camera*.

- The FTC has attached three new exhibits (19, 20 and 21) that provide AbbVie's privilege log entries for only those documents still in dispute. These exhibits replace PA exhibit 1 and GA exhibits 1 and 2 attached to the FTC's opening briefs.

---

[3] The FTC initially filed two separate motions to compel—one addressing documents on AbbVie's Pennsylvania privilege logs and the other addressing its Georgia logs. Rather than file a separate reply for each motion, the FTC submits this single, consolidated reply in support of both.

[4] AbbVie produced 184 documents in full from the Georgia logs and 4 documents from the Pennsylvania logs. The FTC has withdrawn an additional 18 challenges on documents that AbbVie produced in redacted or lesser-redacted form on July 11 ███████████████████████████████████████████

[5] ████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

- The FTC has also attached a chart (Ex. 22) that compares the parties' categories and explains which arguments in the FTC's opening briefs apply to which documents.

Argument

## I.  AbbVie's privilege log appears to contain an astonishing number of improper and baseless claims

The FTC initially challenged only 250 documents from the Georgia logs. To narrow the scope of its challenge, the FTC relied on AbbVie's privilege log entries and focused on those documents, based on the time period and description, it thought were likely to be most relevant to this case. It is now clear, though, that AbbVie's Georgia log descriptions are incomplete and that AbbVie improperly claimed privilege over a large number of unprivileged—and highly relevant—documents. On July 11 and 14, after the FTC filed its motion to compel, AbbVie withdrew all privilege claims covering 184 of these 250 documents, stating "we agree [the documents] are not privileged" and producing those same documents.[6] By doing so, AbbVie admitted that its privilege claims for about 73% of the 250 documents were improper. AbbVie also withdrew some of its privilege claims on 32 of the 66 remaining documents.[7] In aggregate, AbbVie withdrew privilege claims on about 86% of the Georgia log documents that the FTC challenged on June 30. Given this excessively high number of improper claims, it is not surprising that AbbVie tried desperately to prevent the FTC from challenging these logs in this case.[8]

This 86% rate of improper privilege claims raises serious concerns about the validity of AbbVie's other 9,700 privilege assertions. In far less egregious circumstances—involving improper privilege claims over a much lower percentage of withheld documents—courts have

---

[6] *See* Exhibits 23 (July 11 Letter from AbbVie) and 24 (July 14 Letter from AbbVie).

[7] In response to the production of these 32 redacted and lesser redacted documents, the FTC dropped its challenges to 18 of the GA privilege log entries. *See* AbbVie's Ex. 2.

[8] *See* Dkt. 181, at 2.

3

found that a defendant's "change of heart on privilege" claims "raised serious concerns about . . . the reliability of defendants' privilege log and whether there has been substantial over-designation of documents as privileged."[9] The number of AbbVie's improper privilege claims may be substantial. Indeed, if AbbVie's error rate for the 250-document sample challenged in this motion applied to AbbVie's entire Georgia log, then AbbVie may have unjustifiably withheld as many as 8,500 unprivileged documents in this case.[10]

But while the high error rate alone casts doubt upon the validity of many of the roughly 9,700 other entries on AbbVie's Georgia logs, a review of documents recently released by AbbVie in response to the FTC's motion to compel confirms that there are three additional reasons for serious concern about AbbVie's privilege claims:

- First, AbbVie cloaked in privilege many documents that had no plausible claim to privilege and/or were substantively similar to documents already deemed non-privileged in this Court's December 12, 2015 Order.

- Second, AbbVie improperly and without any basis redacted the title of many documents, unduly hampering the FTC's ability to evaluate and challenge AbbVie's privilege claims.

- 

---

[9] *See, e.g., In re Teleglobe Commc'ns Corp.*, No. 02-11518, 2006 WL 2568371, at *4-5 (D. Del. Feb. 22, 2006) (stating "the wheels started coming off defendants' privilege log wagon" when they retreated from their assertion of privilege for 6 of the 50 sample documents before *in camera* review and finding that "defendants' change of heart on  privilege for some of the selected documents raise serious questions about . . . whether there has been substantial over-designation" in the rest of the log).

[10] *Id.* at *5 & n.10 (ordering re-review of entire log containing over 1,000 entries where 9 out of 50 sampled documents were not privileged); *see also United States v. Louisiana*, No. 11-cv-470, 2015 WL 4619561, at *6-7 (M.D. La. July 31, 2015) (ordering defendant to reassess privilege claims for 13,000 log entries based on finding that "overwhelming majority" of 40 challenged documents were not privileged).

### A.   AbbVie withheld many business documents that had no colorable privilege claim

For many of the newly released documents, it is clear on the document's face that AbbVie's claim of privilege was baseless. Just a few of the many examples include the following business documents that were fully withheld by AbbVie until after the FTC filed the instant motion:



AbbVie's privilege claims over such documents also fail to heed this Court's earlier privilege opinion in this case, which stated that business documents "lacking any substantive attorney involvement are not privileged."[11] Indeed, many of the documents fall squarely within the ambit of that opinion. For example,

_____

[11] Dkt. 145, at 6.

██████████████████████████████████.[12] AbbVie's withholding of this document was directly contrary to this Court's instruction that privilege did not apply "where Abbott mentioned a likely market entry date for generic competitors and the expected duration of patent exclusivity" in order "to prepare a strategy for marketing and promoting Solvay's products," particularly when "counsel's role in these documents is unclear."[13]

### B. The newly produced documents demonstrate that AbbVie's log descriptions are incomplete

AbbVie provided vague descriptions of the documents (typically repeating the same boilerplate description for hundreds of documents), or redacted or omitted information critical to challenging the privilege claims. These defects made it exceedingly difficult to decide which documents the FTC would choose to challenge in its motion to compel, mindful of the fact that the Court could not be expected to review thousands of deficient entries. But, having now seen recently-produced documents, it is clear that the vague, boilerplate, and often incomplete log entries were masking a substantial over-designation of privilege.

For example, among the newly produced materials are ████████████████



It is now apparent that AbbVie had no basis to redact this information; █

---

[12] *See* Ex. 29.

[13] Dkt. 145, at 32.

[14]

██████████████████████████████████████████████████████.[15] Such

redactions make it extremely difficult to evaluate the subject matter of the entry, particularly

when otherwise accompanied by extremely vague descriptions, as is the case here.

In other instances, AbbVie's log descriptions were alarmingly incomplete. For example, a

review of the newly released documents reveals instances where the log's description does not

accurately describe the actual document:



These examples—just a few out of many—raise serious doubts about the accuracy and

completeness of the other entries on the Georgia logs. A failure to provide correct and detailed

log descriptions that cover *all* information withheld is a serious defect that impedes the FTC's—

---

████████████████████████████████████████████

[15] *See* Weprin Decl. ¶ 19.

[16] *See* Ex. 30, redacted GA Entry 540.

[17] *See* Ex. 2(A) of GA Motion.

[18] ████████████████████████████████████████████████
█████████████████████████

and the Court's—ability to assess the asserted privilege.[19] Accordingly, AbbVie should be ordered to review the other withheld documents and, if they are in fact privileged, revise the corresponding entries with more detailed information about what is actually contained in the associated documents.

**C.** 

_____

[19] *See Davis v. City of N.Y.*, No. 10-cv-699, 2011 WL 1742748, at *4 (S.D.N.Y. Mar. 5, 2011) ("In view of opaque "descriptions" such as these, it is perhaps worth reminding [defendant] that the purpose of a privilege log is to enable the opposing party and the Court to test the asserted privilege.").

[20] *See* Ex. 32, newly produced document.

[21] *See* Ex. 23, July 11 Production Letter.

[22] *See* Ex. 32.



---

²³ *Id.*

²⁵ *See* Ex. 24, July 14 Production Letter.

²⁶ *See* Ex. 33, newly produced document.

²⁷ *See* Ex. 31.

²⁸ *Id.*



In sum, AbbVie has now conceded that the vast majority of challenged documents should never have been withheld, and many of these now-produced documents contain no indicia whatsoever of privilege. Moreover, the widespread problems with AbbVie's privilege claims in its Georgia logs—combined with its failure to produce these logs within any applicable deadline and its refusal to engage in a meet and confer process concerning the substance of these claims until the eve of the FTC's deadline to file its motion—greatly hampered the FTC's ability to assess these lengthy and vague logs for purposes of this case.[30]

Given this record, AbbVie should be required to (1) reevaluate all remaining documents on the Georgia logs, (2) release all other improperly withheld documents consistent with this Court's privilege rulings, and (3) resubmit a log with proper detailed descriptions for any document it continues to maintain is privileged, unless it can adequately explain why such a process is not warranted here. Indeed, numerous courts have ordered parties to reassess privilege

---

[29] 

[30] *See* Dkt. 182.

logs, where, as here, a large proportion of a sample set of the party's privilege claims are invalid.[31]

## II.    Preexisting business documents do not become privileged simply because they are sent to a lawyer for review

Throughout its brief, AbbVie contends that various business documents are privileged simply because they were sent to an attorney for review— ██████████████████████████████ ██████████████████████████████████████████[32] This argument entirely misapprehends the law of attorney-client privilege. Courts have long held that "[a] pre-existing document which is not privileged in its own right cannot be made privileged simply by giving the document to the party's present counsel."[33]

This rule dates back to the Supreme Court's decision in *Fisher v. United States*, 425 U.S. 391 (1976). The *Fisher* Court observed that a document that is unprivileged in a client's files does not become privileged when the client sends it to his or her attorney for legal advice.[34]  The Court explained that the rationale for attaching privilege would not apply to such documents: clients "will not be discouraged from disclosing the documents to [their] attorney" since the document would already be discoverable directly from the client.[35]

---

[31] *See, e.g., Louisiana*, 2105 WL 4619561, at *8; *In re Teleglobe*, 2006 WL 2568371, at *5, rev'd on other grounds, *In re Teleglobe Comm'ns Corp.*, 493 F.3d 345 (3d Cir. 2007); *Davis*, 2011 WL 1742748, at *4; *Heartland Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 625809, at *6 (D. Kan. Feb. 23, 2007).

[32] ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████

[33] *See Leazure v. Apria Healthcare Inc.*, No. 1:09-cv-224, 2010 WL 3397685, at *3 (E.D. Tenn. Aug. 26, 2010) (collecting cases).

[34] *Fisher*, 425 U.S. at 403-04.

[35] *Id.*

Based on *Fisher*, courts have repeatedly held that "[w]hen the attorney-client privilege is raised as a bar to the production of pre-existing documents given by a client to his attorney to aid in legal representation, it protects only that material which would have been privileged in the hands of the client."[36] And, "[w]hile the fact of transmittal" to a lawyer "might be attorney-client privileged, such transmittal does not shield from discovery the forwarded documents. The forwarded documents are only privileged if they would have been privileged in the hands of the [client]."[37] This is precisely the distinction to which the FTC has hewn. As AbbVie itself acknowledges, ███████████████████████████████████████████████████████ ███████████████████████████ But the attachments to these emails are another matter. AbbVie did not create the withheld attachments to request or facilitate legal advice. It created them for business purposes and later sent them to an attorney for review. Doing so did not make them privileged.

The cases cited by AbbVie are entirely consistent with *Fisher* and its progeny. *Upjohn Co. v. United States*[38] and *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*[39] specifically recognize the analogous distinction between a pre-existing underlying fact—which is not privileged—and the communication of that fact, which may be.[40] Similarly, *SEPTA v. Caremarkpcs Health, L.P.* notes that "the attorney-client privilege usually protects the

---

[36] *Kleiman ex rel. Kleiman v. Jay Peak, Inc.*, No. 1:10-cv-83, 2012 WL 2498872, at *3 (D. Vt. June 27, 2012) (quoting *In the Matter of Grand Jury Subpoena Duces Tecum Issued on June 9, 1982*, 697 F.2d 277, 278-79 (2d Cir. 1983)).

[37] *Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper*, 236 F.R.D. 16, 21 (D.D.C. 2006); *see also SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 515 (D. Conn. 1976) ("Legal departments are not citadels in which public, business or technical information may be placed to defeat discovery and thereby ensure confidentiality.").

[38] 449 U.S. 383 (1981).

[39] 32 F.3d 851 (3d Cir. 1994).

[40] *Rhone-Poulenc Rorer*, 32 F.3d at 862 ("The client cannot be compelled to answer the question 'what did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." (quoting *Upjohn*, 449 U.S. at 395-96)).

communications themselves," and "to the extent that purely factual material can be extracted from privileged documents without divulging privileged communications, such information is obtainable."[41]

### III. AbbVie's withheld forecasting documents were prepared and used for business purposes

In its response, AbbVie contends that several forecasting presentations are privileged because they were ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ [42] While AbbVie appears to concede that ██████████████████████████████████████████ ████████████████████████████████████ they argue that these documents were primarily created for legal purposes. In fact, one of the attached declarations claims that these presentations were created ████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████ [43] And documents created by business executives, which AbbVie produced, contradict and cast doubt on the particular assertions in the declarations created for purposes of this privilege dispute.[44] Indeed, the contemporaneous evidence indicates—as the FTC argued in its opening brief—that, unlike the spreadsheets this

---

[41] 254 F.R.D. 253, 258 (E.D. Pa. 2008).

[42] ████████████████████████████████████████████████████████████████████████████████

[43] ████████████████████████

[44] The Supreme Court has long recognized that contemporaneous documentary evidence should be credited over later testimony from an interested party. *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 396 (1948) ("Where [post hoc witness] testimony is in conflict with contemporaneous documents we can give it little weight, particularly when the crucial issues involve mixed questions of law and fact."); *United States ex rel. Brennan v. Fay*, 353 F.2d 56, 59 (2d Cir. 1965) ("Common sense tells us that when the state's pan is filled with probative documentary evidence, only the strongest contrary oral testimony could prevail, especially when proffered by an interested party as to occurrences of long ago.").

Court previously found to be work product, these forecasts were created and used to inform the business decision making of AbbVie's business executives. (*See* FTC PA Mem. at 14-16).[45]

       All of these presentations that AbbVie strives to withhold—



This email indicates that:

-  

-  

-  

-  

---

[45] Regardless of the merits of the claims, AbbVie is untimely in asserting work product claims for Georgia log entries 2913, 2920, 2922, and 4605. It originally claimed only attorney-client privilege for these documents; it added work-product claims the day before the FTC filed this motion. Because AbbVie failed to raise these claims in its initial privilege log or during the FTC's repeated attempts to meet-and-confer, this Court should not consider them. *See Gen. Elec. Co. v. Johnson*, No. 00-cv-2855, 2007 WL 433095, at *3-6 (D.D.C. Feb. 5, 2007) (finding that new privilege claims asserted after motion to compel were waived).



Based on the available evidence, the FTC suspects that, ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████ And, as this Court observed, even where the legal department offers

input or guidance, no privilege attaches when that guidance is used "to plan a business strategy

because such a discussion is not for the purpose of providing or obtaining legal advice."[50]

---

[46] *See* Ex. 6 to FTC's Pennsylvania Motion.

[47] *See* Ex. 35, ████████████

[48] *Id.*

[49] *Id.*

[50] Dkt. 145, at 18 (citing *In re Teleglobe*, 493 F.3d at 359); *see also id.* at 31 ("Although the Subjects referenced in the document, including contract obligations, market entry dates, and patent protection, could be concerned with legal advice, they are here discussed only to the extent that they have business implications.").

Indeed, in its December opinion, this Court specifically found that an attorney's discussion of pending litigation and estimated likelihood of settlement was not privileged where the attorney "did nothing more than provide context for his business colleagues to understand the significance of his earlier discussions."[51] It noted that "business strategy is always infused with some legal concerns, particularly where the business strategy focused on the likelihood of competitor actions," but found that this did not change the primary business purpose of the communication.[52]



It thus appears that these ███████████████████████████████████████ ████████████████████████, are the type of business planning documents that would have been prepared regardless of the litigation and are not work product. (*see* discussion in FTC PA Mem. at 14-16).[54] Similarly, there is no indication that these presentations were created to facilitate legal—rather than business—advice.

---

[51] *Id.* at 18-19.

[52] *Id.* at 19-20.

[53] *See* Ex. 6 of FTC's Pennsylvania Motion.

[54] Even if the Court determines that these documents qualify as work product, they likely contain only factual information that would be uniquely relevant to the FTC's case and that the FTC cannot obtain elsewhere. The FTC therefore satisfies the "substantial need" standard for obtaining fact work product, and the documents should be

**Conclusion**

For the reasons stated above, the FTC requests that the Court (1) order AbbVie to re-review the remaining documents listed on its Georgia privilege logs, produce any improperly withheld documents, and provide proper detailed descriptions for any documents it continues to withhold; and (2) review *in camera* and order produced the 80 challenged documents that remain in dispute. There is no longer any need for the Court to consider whether AbbVie has waived any privilege claims or to conduct a sample-based review of the documents.

Dated: July 21, 2016                                   Respectfully submitted,

                                                       */s/ Patricia M. McDermott*
                                                       Patricia M. McDermott
                                                       Federal Trade Commission
                                                       600 Pennsylvania Avenue, N.W.
                                                       Washington, D.C. 20580
                                                       (202) 326-2569
                                                       pmcdermott@ftc.gov

                                                       *Counsel for Plaintiff*
                                                       *Federal Trade Commission*

---

produced on that basis. *See FTC v. Boehringer Ingelheim Pharms, Inc.*, 778 F.3d 142, 156-57 & n.4 (D.C. Cir. 2015).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION,

        Plaintiff,

        v.

ABBVIE INC., et al.,

        Defendants.

Case Number: 2:14-CV-5151-HB

Public Version

**Declaration in Support of Plaintiff Federal Trade Commission's Reply Memorandum in Support of its Motion to Compel AbbVie Defendants to Produce Documents Improperly Withheld on Privilege Grounds from their Georgia and Pennsylvania Privilege Logs**

I, Matthew B. Weprin, declare as follows:

1. I am an attorney licensed to practice in the state of New York representing the Federal Trade Commission ("FTC") in the above-captioned matter. I made my appearance in this case pursuant to Local Rule 83.5(e).

2. I submit this declaration in support of the FTC's Reply Memorandum in support of its Motion to Compel AbbVie Defendants to Produce Documents Improperly Withheld on Privilege Grounds from their Georgia and Pennsylvania Privilege Logs.

3. Attached hereto as Exhibit 19 is a true and correct copy of excerpts of the Pennsylvania Privilege Log entries challenged by the FTC that remain in dispute.

4. Attached hereto as Exhibits 20 and 21 are true and correct copies of excerpts of the Georgia Privilege Log entries challenged by the FTC that remain in dispute from the privilege logs AbbVie Defendants produced on June 13 and 14, 2016.

5. Attached hereto as Exhibit 22 is a chart created by the FTC showing which documents are at issue in each of AbbVie's categories and linking these categories to the relevant arguments from the FTC's opening briefs.

6. Attached hereto as Exhibit 23 is a true and accurate copy of a letter from Joel Purles, Esq. to Patricia McDermott, Esq. dated July 11, 2016.

7. Attached hereto as Exhibit 24 is a true and accurate copy of a letter from Joel Purles, Esq. to Patricia McDermott, Esq. dated July 14, 2016.

8. Attached hereto as Exhibit 25 is a true and accurate copy of the document produced in this litigation as Bates No. AGEL-PA-006-0561282.

9. Attached hereto as Exhibit 26 is a true and accurate copy of the document produced in this litigation as Bates No. AGEL-PA-006-0561389.

10. Attached hereto as Exhibit 27 is a true and accurate copy of the document produced in this litigation as Bates No. AGEL-PA-006-0559979.

11. Attached hereto as Exhibit 28 is a true and accurate copy of the document produced in this litigation as Bates No. AGEL-PA-006-0561012.

12. Attached hereto as Exhibit 29 is a true and accurate copy of the document produced in this litigation as Bates No. AGEL-PA-006-0560228.

13. Attached hereto as Exhibit 30 is a true and accurate copy of the redacted document produced in this litigation as Bates No. AGEL-PA-006-0561608.

14. Attached hereto as Exhibit 31 is a true and accurate copy of the document produced in this litigation as Bates No. AGEL-PA-006-0558019.

15. Attached hereto as Exhibit 32 is a true and accurate copy of the document produced in this litigation as Bates No. AGEL-PA-006-0559058.

16. Attached hereto as Exhibit 33 is a true and accurate copy of the document produced in this litigation as Bates No. AGEL-PA-006-0561694.

17. Attached hereto as Exhibit 34 is a true and accurate copy of the document produced in this litigation as Bates No. AGEL-PA-006-0560541.

18. Attached hereto as Exhibit 35 is a true and accurate copy of the document produced in this litigation as Bates No. AGEL-PA-006-0545594.

19.



I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 21, 2016

Matthew B. Weprin

3

Filed Under Seal

# Exhibits 19-22

Exhibit 23

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON*
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
DENNIS C. BROWN
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. M'DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN A. LINSLEY
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
KEVIN S. MASUDA
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART

SUSAN E. NASH
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
TODD J. ROSEN
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
KATHERINE KU
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
KIMBERLY A. CHI
ADAM R. LAWTON
AARON SEIJI LOWENSTEIN
MATTHEW A. MACDONALD
MARGARET G. MARAСCHINO
BENJAMIN J. MARO
JOEL M. PURLES
JESLYN A. EVERITT
MARK R. SAYSON
JEREMY A. LAWRENCE
BENJAMIN E. FRIEDMAN
CHRISTOPHER M. LYNCH
RAY S. SEILIE
ADAM I. KAPLAN
AMELIA L.B. SARGENT
BRYAN H. HECKENLIVELY
LAURA WIRTH

JASMINE M. ROBERTS
LAURA K. LIN
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
JESSE MAX CREED
JOHN M. GILDERSLEEVE
SARAH J. GRAHAM
JESSICA BARCLAY-STROBEL
ZACHARY M. BRIERS
JENNIFER M. BRODER
SAMUEL T. GREENBERG
CAROLINE M. CUNNINGHAM
EMILY B. VIGLIETTA
KEVIN L. BRADY
EMILY R.D. MURPHY
ELLEN MEDLIN RICHMOND
JORDAN D. SEGALL
WESLEY T.L. BURRELL
CHRISTA L. CULVER
KAREN A. LORANG
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
HANNAH E. SHEARER
CRAIG A. LAVOIE
ROBERT W. GRAY, JR.
THOMAS P. CLANCY
JOSHUA PATASHNIK
ERIC C. TUNG
GUHA KRISHNAMURTHI
JOSHUA S. MELTZER
SARA E. CROLL
THANE REHN
ADAM B. WEISS
ROSE LEDA EHLER
AMY L. GREYWITT
NASSIM NAZEMI
CATHLEEN H. HARTGE
JOON S. HUR
MARIA JHAI
ADAM P. BARRY
JENNIFER L. BRYANT
JUSTIN T. HELLMAN
ANDREW CATH RUBENSTEIN
RIO PIERCE
JEFFREY A. PAYNE

VARUN BEHL
HANNAH L. DUBINA
ADAM GOTTESFELD
NICHOLAS D. FRAM
JOSHUA L. BENESH
JOHN F. MULLER
BRIONNA N. NED
LAURA C. ZARAGOZA
JOHN L. SCHWAB
SARA N. TAYLOR
ALEXANDER D. TEREPKA
MAXIMILLIAN L. FELDMAN
SAMUEL T. BOYD
PETER E. BOOS
SETH J. FORTIN
DAVID T. RYAN
ANKUR MANDHANIA
J'ME K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ALLYSON R. BENNETT
ARIEL GREEN
ELIZABETH A. LAUGHTON
EMILY CURRAN-HUBERTY
TIMOTHY J. MOON
JORDAN X. NAVARRETTE
JOHN B. MAJOR
BRYN A. WILLIAMS
DAVID J. FEDER
LAUREN C. BARNETT
NICHOLAS R. SIDNEY
C. HUNTER HAYES
KIMBERLY D. OMENS
EMILY MUSSIGLL
BRADLEY E. MARKANO
USHA C. VANCE

OF COUNSEL

ROBERT K. JOHNSON*
ALAN V. FRIEDMAN*
PETER A. DETRE
MARK H. KIM
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER

E. LEROY TOLLES
(1922-2008)

*A PROFESSIONAL CORPORATION

355 SOUTH GRAND AVENUE

THIRTY-FIFTH FLOOR

LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100

FACSIMILE (213) 687-3702

---

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000

FACSIMILE (415) 512-4077

July 11, 2016

Writer's Direct Contact
(213) 683-9124
(213) 683-5124 FAX
Joel.Purles@MTO.COM

VIA EMAIL AND FTP

Patricia M. McDermott, Esq.
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580

Melinda F. Levitt, Esq.
Foley & Lardner LLP
3000 K Street, N.W., Suite 600
Washington, D.C. 20007

Re:   *FTC v. AbbVie Inc.*, No. 14-cv-5151 (E.D. Pa.)

Dear Patty and Melinda:

On behalf of AbbVie Inc., Abbott Laboratories, and Unimed Pharmaceuticals LLC (the "AbbVie Defendants"), I am transmitting via FTP documents bearing production numbers AGEL-PA-006-0557603 through AGEL-PA-006-0561621. The contents are encrypted, and the decryption password has been provided by e-mail.

Included in this production are certain documents that the FTC has identified from from the January 20, 2016 privilege log in exhibit 1 and exhibit 2 to the "Motion to Compel AbbVie Defendants to Produce Documents Improperly Withheld on Privilege Grounds from Their Georgia Privilege Logs" that, after further review, we agree are not privileged. Specifically, we are producing the documents previously identified as entries 494, 499-500, 509, 523, 545-51, 558-59, 738-39, 1222, 1413, 2334, 2366, 2549, 2563, 2573, 2750, 2756, 2824-25, 2827, 2842, 2855, 2865-66, 2869-71, 2891, 2905-06, 2908-09, 2911, 2915, 2917-18, 2923-24, 2927-29, 2935-36, 2942, 2945, 2948, 2951-52, 2955, 2958, 2973, 2986, 2988, 2996-2999, 3003, 3016, 3017, 3020, 3027-29, 3032-37, 3039, 3042-45, 3049-50, 3065, 3076, 3080, 3084, 3095, 3107, 3116-17, 3125-26, 3137, 3209, 3223, 3227, 3239-40, 3256, 3270-71, 3273, 3275, 3277, 3279-83, 3290-91, 3303, 3315, 3324, 3327, 3330, 3332, 3350, 3369, 3373, 3407, 3409, 3424,

**CONFIDENTIAL**

MUNGER, TOLLES & OLSON LLP

Patricia M. McDermott and Melinda F. Levitt, Esqs.
July 11, 2016
Page 2

3487, 3489, 3509-11, 3527, 3550-52, 3560, 3602-03, 3824, 3838, 3988, 4320, 4481, 4531-32, 4628-29, 4634, 4689, 4785, 4878, 5200, 6942, 6953, 6969, 7009, 7017, 7978, 8257, 8322, 8619, 8669, 8750, 8998, 9002, 9406, 9504, 9522, 9561-62, 9564-70, 9576-79, and 9945.  Also, for a handful of challenged documents (specifically, entries 540, 541, 568, 1029, 1033, 1058, 2835, 2838, 2889, 2890, 2939, 2967, 3306, 3307, 3316, 3340, 3341, 3344, 3355, 4319, 4321, 5032, 6174, 6984, 6986, 8230, 8258, 8344, 8347, 8679, 8681, and 8992), it appears that some but not all of the redacted or withheld portions are not privileged and those documents are being produced with lesser redactions.  The documents referred to in this paragraph are designated as "highly confidential" under the protective order entered in the above-captioned case.

        In producing these documents, the AbbVie Defendants do not waive any of their objections, including those based on relevance or likelihood of leading to the discovery of admissible evidence.  The AbbVie Defendants reserve the right at any time to revise, supplement, correct, or add to this production.  This production, or the inadvertent inclusion of any privileged document within this production, does not waive any privilege or protection from disclosure, including without limitation the attorney-client privilege and the work product doctrine.

                          Sincerely,

                          */s/ Joel M. Purles*

                          Joel M. Purles


Enclosure

cc:      All counsel (via e-mail)

**CONFIDENTIAL**

# Exhibit 24

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON¹
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
DENNIS C. BROWN
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. M°DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN A. LINSLEY
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
KEVIN S. MASUDA
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART

SUSAN E. NASH
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
TODD J. ROSEN
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
KATHERINE KU
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
KIMBERLY A. CHI
ADAM R. LAWTON
AARON SEIJI LOWENSTEIN
MATTHEW A. MACDONALD
MARGARET G. MARASCHINO
BENJAMIN J. MARO
JOEL M. PURLES
JESLYN A. EVERITT
MARK R. SAYSON
JEREMY A. LAWRENCE
BENJAMIN E. FRIEDMAN
CHRISTOPHER M. LYNCH
RAY S. SEILIE
ADAM I. KAPLAN
AMELIA L.B. SARGENT
BRYAN H. HECKENLIVELY
LAURA WIRTH

JASMINE M. ROBERTS
LAURA K. LIN
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
JESSE MAX CREED
JOHN M. GILDERSLEEVE
ERIC K. CHIU
SARAH L. GRAHAM
JESSICA BARCLAY-STROBEL
ZACHARY M. BRIERS
JENNIFER M. BRODER
SAMUEL T. GREENBERG
CAROLINE M. CUNNINGHAM
EMILY B. VIGLIETTA
KEVIN L. BRADY
EMILY R.D. MURPHY
ELLEN MEDLIN RICHMOND
JORDAN D. SEGALL
WESLEY T.L. BURRELL
CHRISTA L. CULVER
KAREN A. LORANG
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
HANNAH E. SHEARER
CRAIG A. LAVOIE
ROBERT W. GRAY, JR.
THOMAS P. CLANCY
JOSHUA PATASHNIK
ERIC C. TUNG
GUHA KRISHNAMURTHI
JOSHUA S. MELTZER
SARA E. CROLL
THANE REHN
ADAM B. WEISS
ROSE LEDA EHLER
AMY L. GREYWITT
NASSIM NAZEMI
CATHLEEN H. HARTGE
JOON S. HUR
MARIA JHAI
ADAM P. BARRY
JENNIFER L. BRYANT
JUSTIN T. HELLMAN
ANDREW CATH RUBENSTEIN
RIO PIERCE
JEFFREY A. PAYNE

VARUN BEHL
HANNAH L. DUBINA
ADAM GOTTESFELD
NICHOLAS D. FRAM
JOSHUA L. BENESH
JOHN F. MULLER
BRIONNA N. NED
LAURA C. ZARAGOZA
JOHN C. SCHWAB
SARA N. TAYLOR
ALEXANDER D. TEREPKA
MAXIMILLIAN L. FELDMAN
SAMUEL T. BOYD
PETER E. BOOS
SETH J. FORTIN
DAVID T. RYAN
ANKUR MANDHANIA
J'ME K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ALLYSON R. BENNETT
ARIEL GREEN
ELIZABETH A. LAUGHTON
EMILY CURRAN-HUBERTY
TIMOTHY J. MOON
JORDAN X. NAVARRETTE
JOHN B. MAJOR
BRYN A. WILLIAMS
DAVID J. FEDER
LAUREN C. BARNETT
NICHOLAS R. SIDNEY
C. HUNTER HAYES
KIMBERLY D. OMENS
EMILY MUSSIGEL
BRADLEY E. MARKANO
USHA C. VANCE

OF COUNSEL

ROBERT K. JOHNSON¹
ALAN V. FRIEDMAN¹
PETER A. DETRE
MARK H. KIM
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER

E. LEROY TOLLES
(1922-2008)

¹A PROFESSIONAL CORPORATION

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

July 14, 2016

Writer's Direct Contact
(213) 683-9124
(213) 683-5124 FAX
Joel.Purles@MTO.COM

VIA EMAIL

Patricia M. McDermott, Esq.          Melinda F. Levitt, Esq.
Federal Trade Commission             Foley & Lardner LLP
600 Pennsylvania Ave., NW            3000 K Street, N.W., Suite 600
Washington, DC 20580                 Washington, D.C. 20007

Re:    *FTC v. AbbVie Inc.*, No. 14-cv-5151 (E.D. Pa.)

Dear Patty and Melinda:

On behalf of AbbVie Inc., Abbott Laboratories, and Unimed Pharmaceuticals LLC (the "AbbVie Defendants"), I am transmitting via a separate email documents bearing production numbers AGEL-PA-006-0561622 through AGEL-PA-006-0561702, and will send an additional copy of those documents by FTP tomorrow. The contents are encrypted, and the decryption password has been provided by e-mail.

Included in this production are certain documents that the FTC has identified from the Pennsylvania privilege logs in exhibit 1 to "Motion to Compel AbbVie Defendants to Produce Documents Improperly Withheld on Privilege Grounds from Their Georgia Privilege Logs" and from the Georgia privilege log in exhibit 1 and exhibit 2 to the "Motion to Compel AbbVie Defendants to Produce Documents Improperly Withheld on Privilege Grounds from Their Georgia Privilege Logs" that, after further review, we agree are not privileged. Specifically, we are producing the documents previously identified as Pennsylvania log entries 946-947, 2455, and 2506, and Georgia log entries 2841, 2850, and 3804.

**CONFIDENTIAL**

MUNGER, TOLLES & OLSON LLP

Patricia M. McDermott and Melinda F. Levitt, Esqs.
July 14, 2016
Page 2

      We also have determined that six documents (identified as AGEL-PA-006-0559673, AGEL-PA-006-0560071, AGEL-PA-006-0560077, AGEL-PA-006-0560217, AGEL-PA-006-0560221, and AGEL-PA-006-0560224) were inadvertently produced to you with redactions.  These documents are also being produced herewith without those inadvertent redactions.  In response to your question regarding the slipsheets marked "Document Withheld for Privilege and identified as AGEL-PA-006-0559977, those slipsheets were inadvertently produced and do not correspond to any AbbVie documents.  Those slipsheets may be disregarded.

      The table below cross-references the current production numbers with the corresponding privilege log number and prior production numbers (if any).

| Privilege Log No. | Production Begin Bates | Prior Production Begin Bates |
|---|---|---|
| GA 3804 | AGEL-PA-006-0561622 | ABBVIE-AGEL03137470 |
| GA 3602 | AGEL-PA-006-0561661 | AGEL-PA-006-0559673 |
| GA 2841 | AGEL-PA-006-0561663 | |
| PA 0946 | AGEL-PA-006-0561664 | |
| PA 0947 | AGEL-PA-006-0561665 | |
| GA 9564 | AGEL-PA-006-0561674 | AGEL-PA-006-0560071 |
| GA 9566 | AGEL-PA-006-0561680 | AGEL-PA-006-0560077 |
| GA 9577 | AGEL-PA-006-0561683 | AGEL-PA-006-0560217 |
| GA 9569 | AGEL-PA-006-0561687 | AGEL-PA-006-0560221 |
| GA 9570 | AGEL-PA-006-0561690 | AGEL-PA-006-0560224 |
| PA 2455 | AGEL-PA-006-0561694 | |
| GA 2850 | AGEL-PA-006-0561698 | ABBVIE-AGEL03235396 |
| PA 2506 | AGEL-PA-006-0561699 | |

      In producing these documents, the AbbVie Defendants do not waive any of their objections, including those based on relevance or likelihood of leading to the discovery of admissible evidence.  The AbbVie Defendants reserve the right at any time to revise, supplement, correct, or add to this production.  This production, or the inadvertent inclusion of any privileged document within this production, does not waive any privilege or protection from disclosure, including without limitation the attorney-client privilege and the work product doctrine.

      Sincerely,

      */s/ Joel M. Purles*

      Joel M. Purles

Enclosure
cc:    All counsel (via e-mail)

             **CONFIDENTIAL**

Filed Under Seal

# Exhibits 25-35