```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION        :         CIVIL ACTION
                                :
        v.                      :
                                :
ABBVIE INC., et al.             :         NO. 14-5151
```

ORDER

AND NOW, this 11th day of August, 2016, it is hereby ORDERED that:

(1) the motion of the Federal Trade Commission ("FTC") to compel defendants AbbVie Inc., Abbott Laboratories, Unimed Pharmaceuticals LLC, and Besins Healthcare Inc. to correct deficient interrogatory answers (Doc. # 188) is GRANTED;

(2) AbbVie Inc., Abbott Laboratories, and Unimed Pharmaceuticals LLC shall serve, on or before August 22, 2016, full and complete answers to Interrogatories 22 and 23; and

(3) Besins Healthcare Inc. shall serve, on or before August 22, 2016, full and complete answers to Interrogatories 15 and 16.

_____

Rule 26 of the Federal Rules of Civil Procedure permits "discovery regarding any nonprivileged matter that it is relevant to any party's claim or defense and proportional to the needs of the case." See Fed. R. Civ. P. 26(b)(1). Interrogatories 15, 16, 22, and 23 are relevant and proportional to the needs of this case.  Even if the defendants are correct

that the prosecution history estoppel and disclosure-dedication doctrines turn on an objective evaluation of the public record, we are not prepared to say at this point that the information sought is irrelevant.

Interrogatories 15 and 22, which are identical, ask the defendants to "[i]dentify all facts of which You were aware as of December 21, 2001, or any time thereafter, regarding any unexpected or unique pharmacokinetic or pharmacodynamic profile, commercial success, or any other secondary consideration supporting non-obviousness for a testosterone gel composition containing either isopropyl palmitate or isostearic acid." In response, the defendants state that isopropyl palmitate and isostearic acid "have several properties and benefits that were unexpected to a person of ordinary skill in the art as of the relevant date." They claim that "[i]t would have been surprising and unexpected that a hydroalcoholic gel such as [isopropyl palmitate or isostearic acid] would have provided testosterone replacement therapy." However, the defendants have not sufficiently answered the interrogatories because they have not supplied any facts to support their conclusory answers. Moreover, the defendants cannot simply refer to "the relevant date" in response to interrogatories which address a considerable period of time. The defendants must cite to any facts or responsive documents reasonably available to them in

forming their full and complete answers. If the defendants are unaware of any such facts or documents, they should so state.

Interrogatories 16 and 23 ask a simple question. They seek to elicit whether the omission of isopropyl palmitate from certain claims in the October 19, 2001 amendment or any subsequent amendment was "inadvertent or a drafting error." The time periods are very specific. The interrogatories call for a simple "yes" or "no" answer. If the answer is "yes," the interrogatories seek a complete explanation which identifies all evidence supporting this contention. If the answer is "no," that is all that is required. The defendants have not answered this narrow factual inquiry. They must provide a "yes" or "no" answer and if the answer is "yes," they must explain.

BY THE COURT:

/s/ Harvey Bartle III
                                                     J.