```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL TRADE COMMISSION        :        CIVIL ACTION
                                :
         v.                     :
                                :
ABBVIE, INC., et al.            :        NO. 14-5151
```

                                JUDGMENT

    AND NOW, this 18th day of July, 2018, in accordance with this court's grant of partial summary judgment in favor of the plaintiff Federal Trade Commission and against defendants AbbVie Inc., Abbott Laboratories, Unimed Pharmaceuticals, LLC and Besins Healthcare, Inc. filed on September 15, 2017 (Doc. ## 300 and 301) and the court's Findings of Fact and Conclusions of Law filed on June 29, 2018 (Doc. # 439), it is hereby ORDERED that:

    (1) Judgment is entered in favor of the plaintiff Federal Trade Commission and against defendants AbbVie Inc., Abbott Laboratories, Unimed Pharmaceuticals, LLC, jointly and severally, in the amount of $419,317,201, plus prejudgment interest in the amount of $42,864,196, for a total of $462,181,397.

    (2) Judgment is entered in favor of the plaintiff Federal Trade Commission and against defendant Besins Healthcare, Inc. in the amount of $28,388,396, plus prejudgment

interest in the amount of $3,146,144, for a total of $31,534,540.

      (3)  To satisfy the judgment defendants shall deposit the money due within 30 days into an account to be designated and administered by the Federal Trade Commission or its designee as a trust fund for equitable relief, including consumer and other purchaser redress and any attendant expenses for the administration of the fund ("Redress Fund").  The money in the Redress Fund shall be held in escrow, and shall not be disbursed until this action has been finally resolved, including any appeals.  The Federal Trade Commission, within 60 days, shall develop a plan of administration for the Redress Fund to identify valid claims and to distribute equitably redress to consumers or other purchasers injured by the defendants' anticompetitive conduct.  The FTC shall obtain input from defendants in developing its plan and shall provide a copy of its final plan to defendants.  Said plan must be approved by the court, after giving defendants an opportunity to comment.  After a period of 5 years following the final resolution of this action, including any appeals, the court will determine, following recommendations from the Federal Trade Commission and any comment from defendants, how to administer any remaining money in the Redress Fund not disbursed.

(4)  No later than 30 days after receiving a written request by the Federal Trade Commission, the defendants, at their own cost and expense, shall provide to the Federal Trade Commission information and data in their possession, custody, or control relevant to facilitate distribution of the money paid under this Judgment, including but not limited to the name, last known contact information, and prescription and purchasing data of AndroGel customers and consumers.  If defendants object to any written request, or defendants refuse to produce requested information, the parties may seek relief from the court.

(5)  The defendants shall notify the Federal Trade Commission at least 30 days prior to a change that may affect their respective compliance obligations arising out of this Judgement, including any proposed dissolution, acquisition, merger, or consolidation.

(6)  The Federal Trade Commission shall report quarterly to the court and defendants concerning the status of the Redress Fund and payments made therefrom.  The court and defendants, with the approval of the court, may obtain additional information about the Redress Fund from the Federal Trade Commission at any time.

(7)  This court retains jurisdiction over this action for purposes of construction, modification, and enforcement of this Judgment.

                                      BY THE COURT:

                                      /s/ Harvey Bartle III
                                                                               J.