IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>vs.<br><br>**ABBVIE INC., et al.,**<br><br>Defendants. | Case Number: 2:14-CV-5151-HB |

**Plaintiff Federal Trade Commission's Unopposed Motion and (Proposed) Order to Voluntarily Dismiss the Reverse Payment Claims with Prejudice**

Plaintiff Federal Trade Commission ("FTC") respectfully requests that the Court allow the FTC to voluntarily dismiss – with prejudice – the reverse payment claims against AbbVie Inc., Abbott Laboratories, and Unimed Pharmaceuticals, LLC ("AbbVie Defendants") pursuant to Fed. R. Civ. P. 41(a)(2). Entry of voluntary dismissal of those claims will resolve all of the remaining claims in this case and will bring this matter to a close. In support of its Motion, the FTC states as follows:

1. On September 8, 2014, the FTC filed an antitrust action in this Court against the AbbVie Defendants, Besins Healthcare, Inc. ("Besins"), and Teva Pharmaceuticals USA, Inc. ("Teva") alleging monopolization and restraint of trade (Dkt. No. 1). Specifically, the FTC's complaint alleged: (1) sham litigation claims against the AbbVie Defendants and Besins; and (2) reverse payment claims against the AbbVie Defendants and Teva.

2. The FTC's sham litigation claims against the AbbVie Defendants and Besins have been fully resolved. On September 15, 2017, the Court granted the FTC's motion for summary

judgment on objective baselessness (Dkt. No. 301). After a full trial on the remaining elements of the FTC's sham litigation claims, the Court issued Findings of Fact and Conclusions of Law on June 29, 2018 and held AbbVie and Besins liable for filing sham infringement litigation against potential generic competitors (Dkt. No. 439). On September 30, 2020, the Court of Appeals for the Third Circuit affirmed in part the Court's decision on the sham litigation claims (Case No. 18-2621, Dkt. No. 250; Amended Opinion, Case No. 18-2621, Dkt. No. 260). On June 21, 2021, the United States Supreme Court denied defendants' petition for certiorari.

3. The FTC's reverse payment claims against Teva have been fully resolved. In the case styled *Federal Trade Commission v. Cephalon, Inc.*, No. 08-cv-2141 (E.D. Pa.), the FTC and Teva entered into a Stipulated Revised Order for Permanent Injunction and Equitable Monetary Relief, which prohibited Teva from entering into certain types of agreements. On February 26, 2019, pursuant to the settlement agreement, the FTC and Teva jointly stipulated to Teva's dismissal from this case (Case No. 18-2621, March 12, 2019 Order).

4. The only claim remaining in this litigation is the FTC's reverse payment claim against the AbbVie Defendants. On May 6, 2015, the Court granted defendants' motion to dismiss the complaint's reverse payment claims (Dkt. No. 81). On September 30, 2020, the Court of Appeals for the Third Circuit issued an Opinion, reversing the dismissal and reinstating the FTC's reverse payment claims (Case No. 18-2621, Dkt. No. 250; Amended Opinion, Case No. 18-2621, Dkt. No. 260). Following the denial of rehearing, the Court of Appeals remanded the case to this Court on December 14, 2020 (Case No. 18-2621, Dkt. No. 261).

5. In light of three developments since the FTC initiated this action, the FTC submits that voluntary dismissal of the FTC's reverse payment claims is an efficient mechanism for bringing this case to a close and conserving the resources of the Parties and the Court.

6. First, the United States Supreme Court decided *AMG Capital Management LLC v. Federal Trade Commission,* 141 S. Ct. 1341, on April 22, 2021. The Supreme Court held that the FTC does not have authority to seek equitable monetary relief in federal court under Section 13(b) of the Federal Trade Commission Act.

7. Second, in the case styled *Federal Trade Commission v. Actavis,* No. 09-cv-955 (N.D. Ga.), the FTC and AbbVie filed a Joint Motion for Entry of a Stipulated Order for Permanent Injunction on February 28, 2019 (Case No. 09-955, Dkt. No. 866). The settlement prohibits AbbVie from entering into certain types of reverse-payment agreements. *See* FTC Press Release, Feb. 28, 2019, at https://www.ftc.gov/news-events/press-releases/2019/02/last-remaining-defendant-settles-ftc-suit-led-landmark-supreme.

8. Third, numerous generic AndroGel 1% and generic AndroGel 1.62% products have been approved by the Food and Drug Administration and have entered the market since the FTC originally filed its complaint in 2014.

9. The FTC certifies that it has consulted with counsel for the AbbVie Defendants and Besins who represented that neither opposes the FTC's Motion for Voluntary Dismissal of the Reverse Payment Claims.

**WHEREFORE,** Plaintiff FTC respectfully requests that the Court grant the FTC's Unopposed Motion to Voluntarily Dismiss the Reverse Payment Claims with Prejudice.

Dated: July 30, 2021                                      Respectfully Submitted,

                                                                                                  */s/ Markus H. Meier*

MARKUS H. MEIER
Assistant Director
Bureau of Competition
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3759
mmeier@ftc.gov

*Attorney for Plaintiff*

IT IS SO ORDERED THIS ___ DAY OF _____, 2021.

                                                                                                  _____
The Honorable Harvey Bartle, III
United States District Court Judge

## **CERTIFICATE OF SERVICE**

      I certify that, on July 30, 2021, the foregoing document was filed with the United States District Court for the Eastern District of Pennsylvania using the NextGen CM/ECF system. The document is available for viewing and downloading.

<em>/s/ Markus H. Meier</em>